## No. 3696

### Second Circuit

---

## BIRDWELL v. GAYLE

---

(April 10 1930. Opinion and Decree.)
(June 2, 1930. Rehearing Refused.)

---

Dickson & Denny, of Shreveport, attorneys for plaintiff, appellee.

George Thurber, of Shreveport, attorney for defendant, appellant.

WEBB, J.  This action arises out of a collision between automobiles which were owned and being driven by the respective parties. The accident occurred about dark on a paved highway, which was twenty feet wide, with dirt shoulders on each side about four feet in width, at a point where the road was straight and where there was nothing to obstruct the vision of the drivers of the cars as they approached each other.

Plaintiff, who was driving north, alleged that he observed defendant's car approaching around a slight curve at a rapid rate of speed, on the wrong side or east of the center of the road; that, apprehending danger, he drove his car to the extreme east side of the road, with the right wheels of the car about one foot off of the pavement; that he had almost brought his car to a stop when the collision occurred; and that the impact of the collision knocked his car backwards toward the south, wrecking the car and injuring plaintiff; and he prayed for damages resulting from the injuries received by him and damages to the car.

In answer defendant admitted the collision, and otherwise denied plaintiff's allegations, and alleged that he had observed plaintiff approaching on the wrong side or west side of the road at a high rate of speed, and that he had driven his car over to the extreme west side of the road, but was unable to avoid the collision, and he prayed that plaintiff's demands be rejected, and for judgment in reconvention for damages resulting from injuries to his car.

On trial, judgment was rendered in favor of plaintiff, and defendant appeals.

Plaintiff's version of the incidents preceding and following the collision was substantially as alleged, and his statement was supported by the evidence of his wife who was in the car at the time of the accident, with the exception that she said the car was moving at a speed of about fifteen miles per hour at the time of the collision; while defendant stated that he was driving on the west side of the center of the road, and that plaintiff's car was in the center or possibly to the west of the center of the road, and that he did not realize the danger of the collision until it was too late to take any action, and his statement was supported by the evidence of two laborers employed on his plantation who were in the car.

The evidence of plaintiff indicates that he had a more definite idea of the situation of his car just preceding and at the time of the collision than defendant, but both of the parties stated that they had observed the other's car some time prior to the collision and that they had decreased the speed of their cars; and the evidence indicates that a very short period of time passed after either realized the danger until the impact of the collision; and, in presenting the cause here, counsel have discussed the situation as presented by the physical facts rather than the testimony of the parties who witnessed the accident.

There is, however, almost as great conflict between the witnesses as to the physical facts as between the testimony of the parties who witnessed the accident. The evidence as to the physical facts was as the testimony of the parties who witnessed the accident directed towards establishing whether the collision occurred on the east or west side of the center of the paved road.

As stated, plaintiff said that his car was on the extreme east side of the pavement, with the right wheels on the dirt shoulder of the highway, and that the impact of the collision had thrown his car backwards towards the south, and after the collision he identified the place by a hole in the dirt shoulder of the road which, he stated, was made by one of the wheels of the car when it was thrown backwards; and he and a number of witnesses who had arrived on the scene a short time after the accident stated that they found mud and oil on the pavement at that point, which was approximately twenty or thirty feet north of the place where plaintiff's car came to rest after the accident and was about the distance plaintiff estimated the car had rolled after the collision; while defendant and the witnesses called by him stated that they found mud and oil and other indications that the collision had occurred at a point west of the center of the paved roadway and approximately forty or fifty feet south of the place where plaintiff's car came to rest after the accident.

All of the witnesses agree that the initial point of contact between the cars was the left front of plaintiff's car and the left side of defendant's car at a point about the rear of the front wheel, which broke the axle and turned the wheel back under the car, breaking the gas line, and that after the collision the car moving forward had left marks on the pavement where the left front wheel passed, and gasoline flowed from the broken gas line; and that after the accident plaintiff's car was lying on its side pointing to the southwest and across the center of the paved roadway, and that defendant's car was on the east side of the highway fronting to the southwest with the rear wheels just off the pavement, and at an approximate distance of eighty feet south of plaintiff's car.

While it may have been possible for plaintiff's car to have been thrown backwards by the impact of the collision, yet, if plaintiff's car was in the position as stated by him, at the time of the collision, it could not have reached the position in which it was after the collision, unless it was thrown backwards and across the course along which defendant's car proceeded after the collision, which we do not think was possible.

As stated, the evidence established that the left front wheel of defendant's car was turned back under the car, breaking the gas line, and that the course taken by the car after the collision, as shown by the marks made on the pavement by the wheel and gasoline flowing from the broken gas line, curved to the left towards the east side of the highway, where it came to rest with the rear wheels off the pavement; and, considering the position of the car after the accident, it is not probable that the collision could have occurred north of the position of plaintiff's car after the accident, or approximately one hundred feet north of the position of defendant's car after the accident.

And we are of the opinion that the weight of the evidence shows that the collision did not occur north of the place where plaintiff's car was situated after the accident, but to the south of that point, as stated by plaintiff and the witnesses called

424

by him, and that plaintiff's car was not in the position at the time of the collision as stated by him.

Defendant and the witnesses called by him fixed the place of collision west of the center of the paved roadway by mud and oil found on the pavement, and the marks made by the left front wheel of defendant's car and gasoline flowing from the broken gas line, which, they stated, began west of the center of the paved roadway; and, while two of the witnesses called by plaintiff stated that the marks began east of the center of the highway, the preponderance of the evidence was to the contrary.

Plaintiff, seeking to recover damages resulting from the collision, on the ground that the collision was due to the fault of defendant, in driving on the wrong side, or east side of the highway, carried the burden of proof to establish the fact, and we are of the opinion he failed to do so, and that his demands should have been rejected.

And while we are of the opinion that the weight of the evidence shows that the collision occurred to the west of the center of the paved roadway, the evidence does not show that defendant could not have avoided the collision had he been maintaining a proper lookout; and, his testimony indicating that he was not keeping a strict lookout after he realized that plaintiff was driving on the wrong or west side of the center of the paved roadway, we do not think he was entitled to recover for the damage resulting from the collision.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and that the demands of the parties be rejected, at plaintiff's cost.