DORE, Judge.
Plaintiff instituted this suit against the defendant for personal injuries and property damage resulting from a collision involving their automobiles respectively driven by them. The collision occurred on January 12, 1949, at about the hour of 1:30 A. M., on the Kaplan-Andrew Highway, in the Parish of Vermillion.
At the situs of the accident, the Kaplan-Andrew Highway is a graveled road which runs practically north and south and is about thirty feet in width. Approximately fifty feet north of the situs of the collision, on the west side of the highway, there is a side road leading from the Plaza Club, referred throughout the record as the Plaza Road, and entering the highway practically perpendicularly thereto. In the southeast corner of this side road, just before it enters the highway, there was a puddle of water. The dimension of this road is not given.
During the afternoon, and probably in the early part of the night, it had rained. However, at the time of the accident, it was not raining, but there was a very heavy fog and the visibility was bad.
Plaintiff alleges that he was traveling at a reasonable rate of speed, in a northerly direction on the highway in the direction of the village of Andrew, that as he approached the Plaza Road, the defendant was driving his automobile on the Plaza Road approaching the highway; that he observed the defendant approaching from the side road and he decreased the rate of travel of his automobile whereupon the defendant drove his automobile unto the highway in a sweeping curve driving his car into his, plaintiff’s, automobile, which was at that time on his own extreme right side of the highway; that the left bumpers of the automobiles became entangled; that he immediately jumped from his automobile and ran to the front in an attempt to disengage the two bumpers; that a third automobile which was traveling behind him struck his automobile from the rear, sending it smashing into him, and causing him serious personal injuries.
He charges the defendant with “negligently driving his automobile unto the highway from a side road and in further making a sweeping turn unto petitioner’s automobile, thereby stalling his car in the path of oncoming traffic.”
The defendant, in his answer, denies all of the allegations of plaintiff’s petition, *124 save and except, he admits that a third automobile which was traveling' behind plaintiff struck plaintiff’s' automobile from the- rear, sending plaintiff’s automobile smashing into him.
Assuming the position of plaintiff in re-convention, defendant avers that, on the day and date of the accident he was traveling in a southerly direction towards the Town of Kaplan, at a slow and cautious rate of travel, on the highway, on his right hand (the western) lane of travel, having negotiated the turn unto the highway from the Plaza Road; that plaintiff was traveling in the middle of the -highway, or nearly so, with a portion of his automobile in defendant’s lane of travel, in a northerly direction; upon seeing plaintiff’s automobile, he, defendant, 'brought his automobile to a complete stop, whereupon plaintiff drove his automobile extremely near or into defendant’s and both vehicles were then- at a standstill; “no damages resulted from the contact, if any, •between the two automobiles and the two bumpers did not become entangled.” That plaintiff “descended to the road and stood between his and respondent’s vehicle, for the purpose, respondent believes, of inspecting said vehicle for damage. . At this time, a third vehicle, * * *, struck plaintiff’s car in the rear sending plaintiff’s automobile smashing into plaintiff’s person and your respondent’s automobile; as a result, your respondent’s car was damaged to the extent of Twenty-four and No/100 ($24.00) Dollars.”
The defendant alleges that “the collision was due entirely to the fault and negligence of Robert Simon, in abandoning his vehicle in the middle of said road, and the fault and negligence of the third party unknown to your respondent, in running into the rear of plaintiff’s vehicle.”
Alternatively, defendant alleges that plaintiff was guilty of contributory negligence, ' barring his recovery, in the following particulars:
“(a) That plaintiff abandoned the said vehicle in the middle of a well traveled highway and negligently stood between his vehicle and that of your respondent’s.
“(b) That plaintiff was driving in the middle of the highway and did not keep to his righthand side of the road.
“(c) That.-plaintiff kept no lookout for oncoming vehicles.”
In the further 'alternative, the defendant avers that it was the negligence of the third party in driving its automobile into plaintiff’s automobile which was the intervening and proximate cause of plaintiff’s injuries and that the said third party had the last clear chance of avoiding the collision.
In the further alternative, defendant alleges that the “plaintiff had the last clear chance to avoid said collision, by observing the oncoming vehicle which struck his automobile and taking refuge in a safe location.”
Upon these issues, the case was tried, resulting in a judgment dismissing plaintiff’s suit and defendant’s reconventional demand. Plaintiff has appealed.
We find the evidence to be very conflicting. About the only facts which are undisputed, besides those stated in the beginning of this review, are that both the plaintiff, accompanied by his wife, his two daughters, Joy and Elaine, aged respectively twelve and fourteen years, and a friend of his daughters, Marguerite Pre-jean, aged sixteen years, and defendant, accompanied by friends, Mr. and Mrs. Doyce Morton, had visited the Plaza Club. The plaintiff, with his guests, left the Plaza Club and went to Kaplan, presumably to obtain gasoline; failing to do so, he was returning towards the Plaza Club on his way home when the accident happened. The defendant, with his guests, left the Plaza Club, with the intention of returning to his home at Abbeville by way of Kaplan, and drove along the Plaza Road, and when he reached the puddle of water, he turned his car slightly to his left and made a long turn on the highway. When defendant reached a point about fifty feet south of the Plaza Road, plaintiff’s and defendant’s cars met and stopped with their respective left lights facing each other, making an overlapping of each automobile of about a foot. Both automobiles were trav *125 eling very slowly just prior to coming to a stop. While the automobiles were thus facing each other, a third automobile struck plaintiff’s automobile a'glancing blow at the left rear, causing plaintiff’s automobile to “ram’* into defendant’s left front fender, throwing plaintiff to the ground, resulting in his injuries. The plaintiff’s car came to rest with its two front wheels in the east ditch of the highway and defendant’s automobile remained on the highway. Plaintiff was found lying in the highway, with his head about two feet from the east side of the highway and his feet towards the west side of the highway, about five feet from his car and defendant’s car. It is conceded that the unknown motorist who ran into plaintiff’s automobile was grossly negligent.
As previously stated, the plaintiff charges the defendant with negligence in two particulars :
(1) In entering the highway from a private road, when by so entering he endangered the safety of those using the highway;
(2) In traveling on the left-hand side of the highway in violation of the provisions of Section 3, Rule S of Act 286 of 1938, Dart’s 5210.
We shall discuss these charges in the order named. The testimony of plaintiff is that when plaintiff reached a point of some one hundred feet or more from the Plaza Road, he saw the Miller car was about to turn in the highway, saw it turn on the highway, proceeding south; he applied his brakes and reduced his speed. Dr. Miller testified that he had negotiated his turn on the road when he saw plaintiff’s car approaching him. The fact remains that Dr. Miller had completed his entrance into the highway and was traveling and had traveled along the said highway for a distance of some fifty feet or more before the two automobiles came to a stop, facing each other. This fact is definitely established by the testimony of all .the occupants of the two automobiles. The entrance into the highway by the defendant did not in any way endanger the safety of plaintiff nor did it retard him in his progress.
The next charge of negligence is that defendant was traveling on his left, plaintiff’s right, lane of travel' instead of his right lane of travel. The testimony on this charge is very conflicting and is seriously disputed.
The plaintiff and his companions all testified positively that the plaintiff was traveling on his right lane of travel and as near the edge of the ditch as he could, and that the defendant, after making his entrance " on the highway, was traveling on" his, defendant’s left lane of travel.
Plaintiff testified that he had been traveling on his right side “as near the ditch as he could” and that Dr. Miller was traveling on his, plaintiff’s, side of the road; that the two cars came together and the bumpers became entangled. The vehicles overlapped each other to the extent of about a foot and a half. After the bumpers became entangled and the cars were stopped, his car was near the edge of the ditch on the east side and the car of Dr. Miller was “four feet and something, five feet”, from the east side of the road. Again, he states that Dr. Miller’s car was “four feet and something, four and one-half feet” from the ditch on the east side.
Mrs. Simon, plaintiff’s wife, testified that when the cars came in contact their car was as close to the side of the road as they could be and that she, sitting on the left front seat, was “about seventeen or eighteen feet” from the western ditch.
Miss Elaine Simon, plaintiff’s daughter, testified that when the cars came in contact and stopped, plaintiff’s car was “as close as any car could get to a ditch” on the east side of the road, and Dr. Miller’s car was about five feet from the ditch.
Miss Marguerite Prejean, a guest of plaintiff and companion of plaintiff’s daughters, testified that plaintiff’s car, after the cars came in contact, “was almost in the ditch.” She states that plaintiff’s car was traveling on the “East” side of the road before coming in contact. She places defendant’s car, after the contact of the *126 cars, as “about four and one-half or five feet from the ditch.”
Miss Joy Simon, plaintiff’s daughter, testified that she was sitting on the right rear side of her father’s car, and that her father had been traveling “almost in the ditch”, “close to the ditch,” and that defendant’s car was on her “right side” or the east side of the road; when the cars came to a stop, “our left light and his left light were hooked together,” apparently meaning that the left light of each car was facing each other.
On the other hand, the defendant and his companions, all testified in direct contradiction to the testimony of the plaintiff and his companions. Their testimony is to the effect that the defendant, entering the highway from the Plaza Road, traveled on the west, defendant’s right side, lane of travel, and did not go over the imaginary center line. To the contrary, their testimony is to the effect that plaintiff’s car was traveling approximately a foot over the middle of the road, or over on defendant’s side.
The same situation prevails with reference to the testimony relating to the entanglement of the two bumpers. Plaintiff testified that the bumpers of the cars became entangled, and that he got down from his car to unentangle them. He is somewhat corroborated by his companions who testified that as the two cars contacted each other, they felt a jar or shock'. Dr. Miller, the defendant, testified that the cars never came into contact and that the bumpers were not entangled in that plaintiff passed between the two cars. Defendant and his companion testified that there was no jar or shock as a result of the two cars coming together.
There are other conflicts in the testimony of these parties, such as their testimony relating on whose car bumper plaintiff put his foot in order to unentangle the bumpers, if they were entangled, and where plaintiff was standing when he was struck.
Suffice it to say that we find the testimony as to where the cars were traveling just prior to its stopping with the respective left front headlights facing each other to be very conflicting and altogether irreconcilable. Such was the conclusion of the trial judge.
There is not any evidence in the record of any skid marks or the location of any dirt or mud which fell from any of the cars, nor of any broken glass. The evidence is that the third person’s automobile hit the left rear end of plaintiff’s car with such force as to cause plaintiff’s automobile to ram into defendant’s left fender and breaking defendant’s left front light and causing plaintiff’s car to be precipitated with its two front wheels into the ditch on the east side of the highway. The condition of the highway and the Plaza Road, considering the then weather condition, necessarily must have caused mud or dirt to gather under the fenders of the .automobiles. Furthermore, it is strange indeed that plaintiff’s car did not leave marks on the highway when it was caused to go to the ditch. Such physical facts would greatly have helped in solving the important question as to which was the offending automobile with regard to the proper lane of travel.
The plaintiff in his brief, lays great stress on the testimony of a cab driver and his three customers who reached ithe scene of the accident shortly after the collision. These witnesses testified that when they reached the scene of the accident, defendant’s car was on the east side of the road. However, the defendant and Mrs. Morton, a companion of defendant, testified that immediately after the collision between the third party’s automobile and that of plaintiff and defendant, the defendant drove his car in such a position in order that he could focus his good light, the right, on the plaintiff in order to render to plaintiff such assistance as he could.
After a careful review 'and consideration of this record, and after giving written reasons for judgment, which written reasons comprise some twenty-two pages, the trial court came to the conclusion that plaintiff had failed to bear the burden of proof showing defendant to be guilty of negligence with reasonable certainty.
*127 After a careful review of this record, we are in full accord with the trial judge’s conclusion. It is the burden of plaintiff to show negligence on defendant’s part. This he has failed to do. Suffice it to say that purely a question of facts is involved, and finding no reversible error committed by the trial judge, the judgment appealed from is affirmed.
ROBERT D. JONES, J., sitting ad hoc.