LANDRY, Judge.
Plaintiff herein, Clyde DeLaughter d/b/a Bogalusa Dairy Products, and Marquette *105 Casualty Company, collision insurer of a 1955 International milk truck owned by DeLaughter, instituted this action to recover of defendant State Farm Mutual Automobile Insurance Company the sum of $1,851.00, representing damages allegedly occasioned by DeLaughter’s aforesaid vehicle in a head-on collision with a 1960 Ford Station wagon owned and operated by one Stanley J. Cowen, the collision-liability insured of defendant, State Farm Mutual Automobile Insurance Company. Defendant answered plaintiffs’ demands denying the charges of negligence lodged against its insured, Cowen, and by way of reconven-tional demand, prayed for judgment against plaintiffs, as subrogee of its said assured, Cowen, in the sum of $956.90, which said amount was paid by plaintiff in reconvention for the repair of Cowen’s vehicle. The trial court rejected and dismissed plaintiffs’ demands against defendant and likewise denied defendant’s reconventional demand. Plaintiffs have appealed the aforesaid adverse ruling and defendant has answered the appeal.
The accident culminating in this litigation occurred at approximately 11:40 A.M., July 11, 1960, on a two lane rural gravel road known as Arnold Road and situated in Tangipahoa Parish. Arnold Road branches off from U. S. Highway 190 and runs generally in a northerly-southerly direction. Almost immediately upon leaving Highway 190, Arnold Road commences what is described in the record as an “S curve”. The entire surface of Arnold Road is graveled to an average width of approximately 20 feet, it being conceded there are no shoulders on either side of the roadway. Between the upper or northern and the lower or southern loops of the aforesaid “S curve” is situated a tangent or straightaway approximately 200 feet in length. The collision between the vehicles involved herein occurred at a point approximately 50 feet south of the upper or northern end of the aforementioned tangent.
Plaintiff’s milk truck, being operated by plaintiff’s employee, Henry Shoultz, accompanied by a co-worker, Stanley Thompson, had just turned off Highway 190 onto Arnold Road and was proceeding southerly thereon at a speed of approximately 25 miles per hour. Simultaneously, Cowen, a rural mail carrier, driving his 1960 Ford Station Wagon, was proceeding northerly along Arnold Road in the course of making his daily mail delivery.
The opposing parties each charge the other with the same acts of negligence, namely, driving at excessive speed, failure to maintain a proper lookout and driving on the wrong side of the highway. Plaintiffs-appellants maintain the accident occurred in the west or southbound lane which was the proper lane of travel for plaintiff’s milk truck, whereas, defendant contends the collision took place in the east or northbound lane of travel which was the correct lane for Cowen’s station wagon.
Henry Shoultz, the driver of plaintiff’s vehicle, testified he had just turned off Highway 190 onto Arnold Road approximately a tenth of a mile from the scene of the accident and while negotiating the upper leg of the “S curve”, at a speed of approximately 25 miles per hour, observed the approaching Station Wagon proceeding northerly toward him around the lower loop of the curve. According to Shoultz, he was approximately 60 to 70 feet distant from the oncoming station wagon when he first observed its presence. While Shoultz was not certain of the speed of the approaching station wagon, he estimated its speed at about the same as that of his own vehicle. He also testified that upon observing the oncoming vehicle, he noted that its driver was seated in the middle of the front seat and appeared to be looking down towards the rear. Shoultz also noted that the station wagon was then “just a hair” on the wrong side of the highway and he immediately attempted to pull to his right but the station wagon continued towards its left and the collision occurred in the southbound lane approximately four feet west of the center-line of the highway. He further stated that at the moment of impact his truck was *106 approximately one foot from the ditch on .the west side of the road.
. The record contains a stipulation to the eifect that if Shoultz’s fellow employee, Thompson, were called to testify, his testimony would be substantially to the same eifect as that given by Shoultz.
Defendant’s insured, Stanley Cowen, .testified that he was a rural mail carrier and was thoroughly familiar with the road in ■question having traveled it 6 days a week for a period of five years. He had previously stopped at a mail box located approximately ■'350 feet south of the point of impact and was traveling at a speed of 5 or 6 miles per •hour preparatory to stopping at another mailbox situated to his right on the east side 'of the road a distance of 32 feet from the point of collision which latter distance was determined by paced measurement made subsequent to the accident. As he proceeded northerly along Arnold Road in his proper lane of travel he observed the on.coming milk truck when he was approximately 80 to 100 feet south of the mail box at which he intended to make his next stop. Upon1 first observing the approaching truck he paid no particular attention since, as he expressed it, he expected the truck would remain on its proper side of the highway. Cowen estimated the speed of the oncoming truck at between 20 and 25 miles per hour. When the truck reached a point just a few feet from the station wagon, Cowen, observing the truck to be over the center line, applied his brakes. According to Cowen •the left- front fender of the truck was approximately one and one-half to two feet to the left of the centerline of the roadway at the time of impact. Needless to say, Cowen denied that he was on the wrong side of the highway at the moment of collision. Cowen also denied he was seated in the center of the seat of his vehicle but conceded his custom of sitting approximately 6 to 8 inches from the left door of his automobile so that upon stopping he would not have to move quite so far to place .mail in a box.
It is undisputed that following the collison the milk truck came to rest near the ditch on the west side of the highway and that the front portion of Cowen’s station wagon was to the left of the center of the road but the rear portion of his vehicle was in its proper lane of travel.
The accident was investigated by Trooper Charles E. Chandler who arrived upon the scene before either vehicle was moved. Chandler testified that both vehicles came to rest on the west side of the road. He also found that plaintiff’s milk truck left tire marks extending in a southerly direction toward the right or west to the point where the truck came to rest. On the basis of certain debris which he noted, he fixed the point of impact at a spot approximately two and one-half feet west of the center-line or in the milk truck’s proper lane of travel.
Elvis L. Perrioloux, who lives on Cowen’s mail route a short distance from the place where the accident occurred, testified he heard the noise resulting from the collision and went immediately to the scene of the accident. He noted that the truck was on the right side of the highway near the ditch and that whereas the front portion of the station wagon was to the left of the center of the highway the rear of Cowen’s vehicle was on its proper side of the road. Perrioloux further observed skid marks approximately 6 feet in length made by the station wagon on the east side or half of the highway. He further observed that prior to the point of impact the skid marks left by the Cowen vehicle were in a straight line but at the point of impact they appeared to veer sharply toward the left or west into the opposite lane of travel as though the station wagon were dragged across the center line of the road.
From the foregoing summary of the relevant evidence appearing of record, it is evident that the testimony of the witnesses is in hopeless conflict. According to Shoultz and Trooper Chandler, the impact *107 occurred in the milk truck’s lane of travel whereas Cowen and Perrioloux are positive the collision took place on Cowen’s side of the road.
Plaintiffs-appellants have cited several cases wherein, confronted with conflicting testimony, the courts have relied upon the physical facts as established and found by the police officer investigating the accident concerned. We find, however, that in each such instance the physical facts were either corroborated by other witnesses or the findings of the officers were specific and detailed as to the nature, measurement and location of the debris, liquids, marks or other physical evidence involved.
In the present case Trooper Chandler testified with regard to the tire, marks left by plaintiff’s milk truck but no attempt was made to elicit from him whether the markings commenced before or at the point of impact as he determined it. Concerning the tire marks left by the station wagon, he stated:
"A. Actually, as far as the station wagon, I couldn’t determine the tire tracks leading to the point of impact but after the point of impact, I noticed where the tire marks — from the point of impact they had skidded over and then hit.”
No attempt was made by Trooper Chandler to explain what he meant by the foregoing testimony which we consider ambiguous.
While Trooper Chandler was apparently satisfied as to the location of the point of impact and testified that it occurred in the left southbound lane, the witness Perrioloux, who arrived upon the scene before Trooper Chandler, gave equally cogent reasons in support of his conclusion that the impact occurred on Cowen’s side of the highway. We do not believe that the testimony of Chandler is so conclusive and clear as to impel us to accept it in complete rejection of that given by the equally disinterested and unbiased witness Perrioloux.
Conceding that the courts are inclined to accord considerable weight to the-testimony of investigating officers respecting the physical facts observed at the scene of an accident, so much so that in some respects such witnesses are virtually treated' as expert witnesses, the court often reciting their qualifications, years of experience and' lack of interest in the outcome of litigation;, nevertheless their admissible opinions and! conclusions must be weighed in the light of the evidence as a whole. It is elementary that even experts must state facts upon which their opinions are based.
Opposed to Trooper Chandler’s testimony regarding the point of impact, we note the clear and unambiguous testimony of Perri-oloux to the effect that the point of impact occurred to the east of the center line of the highway or in the northbound lane. The evidence as a whole, however, fails to preponderate in favor of the conclusion that the impact did in fact occur in the northbound lane and we are unaware of any legal presumption by which the fact at issue may be resolved.
Our learned brother below failed to assign written reasons for the judgment rendered. In rejecting the claim of all litigants it is clear beyond doubt that he concluded neither party had established his claim by that clear preponderance of the evidence which the law requires. With this conclusion we are in complete agreement.
It is a cardinal rule of our jurisprudence that in a civil action a plaintiff must prove his case by a fair preponderance of the evidence. Morris v. Vining, La.App., 49 So.2d 458; Moore v. Benson, La.App., 68 So.2d 250; Simon v. Miller, La.App., 44 So.2d 123; Birdwell v. Gayle, 13 La.App. 421, 127 So. 404. Similarly, it is incumbent upon a defendant to establish with reasonable certainty the essential elements of a demand in reconvention. Pillsbury Mills v. Chehardy, 231 La. 111, 90 So.2d 797; Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Butler v. Bryant, 75 So. 2d 519;
*108 For the reasons hereinabove assigned, the judgment of the trial court is affirmed. One-half the cost of this appeal shall be paid by appellants and the remaining half by appellee.
Affirmed.