BAILES, Judge.
This case was before us previously and we remand it for the limited purpose of proper introduction of certain photographs with instructions to the trial court to consider the probative value of the said photographs relative to the condition and appearance of the rear of the truck into which the .deceased, Mr. LeBouef, drove his automobile. See La.App., 187 So.2d 767.
We adopt and reiterate herein for continuity that portion of our previously reported opinion which is pertinent to a final determination of the issues between the parties hereto.
Plaintiff-tutrix, Mrs. Adley Mayon, instituted this action to recover on behalf of the minors, Shirley Jane LeBouef, Stephanie Ann LeBouef and Christine LeBouef, damages for the alleged wrongful death of their father and mother. These parents died instantly from injuries received in a collision between their vehicle and a large truck owned by Pelican State Lime Corporation. This truck of the latter was used by it to haul powdered lime from its plant to a loading hopper some distance away. The party defendants are Harold Robinson, an employee of the lime company and the driver of its truck, and New Amsterdam Casualty Company, insurer of the truck.
For a cause of action against the defendants, plaintiff alleged that on July 10, 1960, Dalton J. LeBouef, father of the minors, was driving his 1954 Ford automobile in an easterly direction on U. S. Highway Number 90; that Mrs. Lucy M. Le-Bouef, his wife and mother of the minor children, was riding therein as a guest passenger; that at the same time and place, Harold Robinson, as agent and employee of Pelican State Lime Corporation, was operating the latter’s truck in an easterly direction; that at about 3:00 o’clock a. m., on said date, Dalton J. LeBouef, while proceeding at a moderate rate of speed about three miles west of the town of Amelia, Louisiana, violently collided with the rear of the said truck; and as a result thereof both the father and mother of the said minors were killed.
The actionable negligence of defendant, Harold Robinson, and his employer, is alleged to be “in operating said truck on the highway at night without proper lights, covered with lime dust, making it invisible to approaching traffic.”
In their answer, the defendants deny the acts of negligence alleged in plaintiff’s petition, and they alternatively allege, in the event the court should find defendants are guilty of negligence, that plaintiff is barred from any recovery because of certain alleged acts of contributory negligence of both Dalton J. LeBouef and his wife, Mrs, Lucy M. LeBouef.
Plaintiff alleges that at the time of the accident, defendant was violating the provisions of the motor vehicle statutes then applicable which required “a red light plain-, ly visible, under normal atmospheric conditions from a distance of five hundred feet-to the rear * * * ” and a clearance light visible from a distance of five hundred feet to the rear. (See Sections 293 and 294 of Title 32 quoted, respectively, under present Sections 304 and 308 of Title 32 of LSA.) Plaintiff alleges that such a violation of the-regulatory statutes is negligence per se and cites Thomas v. Lumberman’s Mut. Cas. Co. (La.App., 1962) 146 So.2d 275, Warnick v. Louisiana Hwy. Comm. (La.App., 1941). 4 So.2d 607, Crimp v. LeBlanc Lumber Co. (La.App., 1948), 37 So.2d 471, Fontenot v. LaFleur (La.App., 1960) 124 So.2d 607, and D & D Planting Co. v. Employers Gas Co. (1960) 240 La. 684, 124 So.2d 908. However all of these cases deal with incidents of different factual situations where the-vehicles were completely without rear-lights, and furthermore involved incidents, of the plaintiffs being blinded or prevented *690 from passing the vehicle in front by the presence of oncoming traffic. We find none of these cited cases appropriate to the instant case. The violation of a safety law is not actionable negligence unless it is the proximate cause of injury or damage. In the cases cited by the plaintiff, the court found the failure to obey certain traffic laws to be the sole and proximate cause of the accidents.
As we view this case, involving the collision of an overtaking vehicle with the vehicle overtaken, the burden squarely rests upon the claimant to establish that the driver of the overtaking vehicle (Mr. LeBouef) was free from fault. See Felt v. Price (1961) 240 La. 966, 126 So.2d 330; and Fontenot v. Wood (La.App., 1962) 140 So.2d 34. Plaintiff has utterly failed to sustain this burden. This accident occurred at night, and plaintiff, by her allegations, attempts to circumvent this burden by alleging an absence of proper lights on the truck and that it was covered with lime dust, making it invisible to vehicles approaching it from the rear. Even so, the burden of proof rests upon the plaintiff to establish by a preponderance of the evidence the facts upon which she relies for judgment. See Simon v. Miller (La.App., 1950) 44 So.2d 123, Charles v. Southern Farm Bureau Casualty Insurance Co. (La.App., 1959) 114 So.2d 48, Minton v. Continental Insurance Co. (1959) 110 So.2d 789, Emmco Insurance Co. v. Kuss (La.App., 1962) 138 So.2d 669, DeLaughter v. State Farm Mutual Automobile Ins. Co. (La.App., 1963) 151 So.2d 104, 107, and McWilliams v. Argonaut Southwest Ins. Co. (La.App., 1965) 174 So.2d 201. The plaintiff must show actionable negligence on the part of the defendant. She must show that this negligence had a causal connection with the subsequent collision. In the case at bar, the plaintiff has failed to prove negligence on the part of the defendant. The photographs introduced into evidence show the presence of rear lights on the back of the truck and no testimony has been introduced to prove that these lights were defective or were obliterated by the lime dust being hauled by the defendant’s truck. The driver of the truck testified that while the truck had not been washed that day, there were people behind the truck whose job it was to see that the dust was swept off the rear lights. The man whose job it was to clean the lights testified that he wiped the lights off at the plant when the last load had been placed on the truck but when this load was dumped, he had not wiped the rear lights because there was no dust on them. Another employee stated that he followed the lime truck from the yard out to the street and that every light was lighted and operating.
The investigation officers testified during the Coroner’s inquest that on the night of the accident, the moon was shining brightly and visibility was good. They stated the truck was a light color which did not blend with the color of the highway. Furthermore, the police report filed shows that the LeBouef vehicle skidded 100 feet before hitting the rear of the truck, traveled 61 feet after the impact, and knocked the truck 271 feet. The driver of the truck testified that the impact loosened the drive-shaft of the truck and knocked out the dual tandem wheels on the back of the truck. This latter fact was demonstrated in the photographs.
In our opinion the negligence of LeBouef in failing to maintain a proper lookout and to keep his automobile under proper control was the sole proximate cause of this accident.
It is well established that the plaintiff must prove his case by a preponderance of the evidence, and we find the plaintiff herein has failed to prove that this collision was caused by the defective lights on the rear of defendant’s truck or that the collision was caused by the rear lights being obliterated by the lime dust being hauled by the truck. The plaintiff has failed to prove any negligence on the part of the defendant.
*691 Accordingly, for these reasons, the judgment of the trial court in favor of the defendants, New Amsterdam Casualty Company and Harold Robinson, and against the plaintiff, Mrs. Adley Mayon, tutrix of the minors, Shirley Jane LeBouef, Stephanie Ann LeBouef, and Christine LeBouef, dismissing plaintiff’s demand is affirmed at her costs.
Affirmed.