FRUGÉ, Judge.
This case arises out of an intersectional collision, which occurred in Crowley, Louisiana, on April 5, 1968, at approximately 4:55 p. m. Involved in this collision, were a 1965 Pontiac automobile owned by plaintiff, Ralph Van Fossin, Sr., *201 and being driven at the time by his minor son, Ralph Van Fossin, Jr., and a 1963 Pontiac automobile owned by defendants, Mr. and Mrs. Charles Weaver and being driven by Mrs. Weaver. The accident occurred at the intersection of Seventh Street, running generally east and. west, and Avenue K, running generally north and south, in the city limits of Crowley, Louisiana. Avenue K is governed ' by a stop sign at this intersection, allowing traffic proceeding on Seventh Street the superior right of way. The posted speed limit at the point of the accident was twenty-five miles per hour.
At the time of the accident, Ralph Van Fossin, Jr., was traveling in an easterly direction on Seventh Street. Mrs. Weaver was proceeding from a stop sign in a southerly direction on Avenue K. Mrs. Weaver’s vehicle struck that of plaintiff’s “broadside” while the latter was still in the western half of the intersection, but straddling the division line between the eastbound and westbound lanes of Seventh Street.
The trial of this matter was conducted without the benefit of a court reporter, and .consequently, a transcript of the testimony was unavailable. The record did include, however, a diagram made by the investigating police officer, and the deposition of a guest passenger in the Van Fos-sin vehicle, Louis Toler, Jr. The trial court directed that its written reasons would constitute a narrative of the facts for the purposes of this appeal, and the facts, as given in said written reasons for judgment, are as follows:
“Mrs. Weaver stopped for the stop sign and then proceeded into the intersection where she struck the Van Fossin automobile broadside after the plaintiff’s automobile was completing passing another automobile which was stopped on Seventh Street just before entering the Avenue K intersection.
“The sum of the testimony of the plaintiff driver was that he was going approximately twenty-five (25) miles an hour on Seventh Street when he came upon a parked automobile on the same street headed in his same direction. He went aroimd the parked automobile after he looked both ways at the intersection and determined it was safe. Then, according to the plaintiff, when the defendant was approximately five (5) feet away from him he first noticed her automobile.
“The defendants’ testimony established that she stopped for the Avenue K stop sign and, when she saw no traffic approaching on Seventh Street, she was motioned into the intersection by the driver of the parked automobile on Seventh Street and, responding to this gesture, .she proceeded into the intersection where the collision occurred.
“The parties stipulated to the following:
1) All parties in the suit were properly before the Court as alleged;
2) Damages to the property were admitted as alleged;
3) Ownership of the cars was established as alleged; and
4) All the allegations of plaintiff’s petition are admitted except as they relate to liability.”
At the trial on the merits the trial court decided that both plaintiff and defendant were negligent in their actions leading up to the accident, in that both of them actively violated certain safety regulations. The court found, however, that defendant’s negligence was actually the proximate cause of the accident, and that although plaintiff was negligent per se in his violation of the statute, his negligence was not a proximate or contributing cause of the accident. He therefore rendered judgment in favor of plaintiff for the stipulated damages of $334.05, from which judgment defendant has appealed.
A summary of defendant’s specifications of error would be that he feels the lower *202 court erred in fact for not finding that plaintiff was guilty of negligence which was a proximate and contributory cause of the accident, and in law for applying the “wrong jurisprudence” to the case at hand.
Under the facts as we were given them, it is without doubt that both parties violated certain safety regulations at, or prior to the time of, the collision. Plaintiff was passing the Alexander car at an intersection, and although it seems that there was, in trial, somewhat of an issue as to whether the car was parked or was actually awaiting to make a left turn, the lower court found that the entering of the left lane within one hundred feet of the intersection constituted a violation of L.S.A.R.S. 32:76, which provides in part:
“A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
* * * * * *
“(2) when approaching within one hundred feet of or traversing any intersection * *
The defendant, being on an inferior street controlled by a stop sign, had a statutory duty not to enter the intersection in the face of approaching traffic. L.S.A.-R. S. 32:123, after providing for the primary duty of stopping at a stop sign, provides:
“ * * * After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.”
Plaintiff and defendant as well violated Crowley City Code ordinances reading not too differently from the state statutes quoted.
In its opinion the trial court stated, “It is a well settled doctrine that violation of a state safety regulation contained in the Louisiana Highway Regulatory Act (Title 32 of the Revised Statutes of 1950) is negligence per se.” (Citations omitted.) It is without doubt that this statement can be found many times in the jurisprudence of the state, but this court, rather than considering the significance of the term “negligence per se”, would seek immediately to find what is referred to as “Actionable Negligence”. This is the real crux of the problem. To state that one of the parties was negligent per se but not the proximate cause of an accident, gives nothing to a determination of the issues. The true test or issue to be resolved has been noted in a number of cases, among which we quote from the case of Bodan v. American Employers’ Insurance Company, 160 So.2d 410, at p. 414 (La.App. 2d Cir., 1964), as follows :
“Nevertheless, the general rule is that the mere violation of a statute or ordinance does not constitute actionable negligence. In order for the violation of the provisions of a statute or of an ordinance to constitute actionable negligence, such violation must constitute a legal cause of an accident. This was pointed out and emphasized in a case cited by defendants, Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298. Without causal connection between an alleged act of negligence and an accident, no liability exists on the part of the alleged offender. * * * ” (Citations omitted.)
See also Mayon v. New Amsterdam Casualty Co., 191 So.2d 688 (La.App. 1st Cir., 1966); Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), and citations therein.
Applying the legal principle noted above to the facts at hand, we must concede that plaintiff was negligent in violating the terms of L.S.A.-R.S. 32:76, in that he did in fact pass within one hundred feet of an intersection. However, we nevertheless conclude that plaintiff is entitled to recovery because his negligence was not a proximate cause of the accident. When plaintiff commenced his passing maneuver of *203 the “parked” automobile, the intersection was free of traffic. Furthermore, Van Fossin had either completed or almost completed his passing maneuver when he was struck broadside by defendant. Under such circumstances, plaintiff had every reason and right to believe that he could complete his passing maneuver without endangering or imperiling any other motorist on the highway. As best we can determine from the record, neither plaintiff nor defendant observed each other prior to entering the intersection, but had plaintiff noticed defendant stopped for the stop sign, it would have been entirely reasonably for him to conclude, and the trial judge so held, that he could complete his intended passing maneuver while defendant maintained her position at the stop sign.
Defendant’s negligence in violating the provisions of La.R.S. 32:123, relative to the stop sign, was the proximate cause of the accident and thereby makes defendant solely liable for the damages sustained. In proceeding into the intersection without seeing plaintiff’s vehicle which was in plain, unobstructed view, and which most certainly would have been observed by her had she exercised the vigilence and alertness required by her by law, Mrs. Weaver committed gross negligence.
Mrs. Weaver’s failure to detect plaintiff’s vehicle is attributed solely to her not maintaining a proper lookout, which in turn, resulted in her proceeding into the intersection when it was patently and manifestly unsafe and dangerous for-her to do so. Her action we rule to have been the sole proximate cause of the accident.
In the briefs of counsel, as well as in the trial court’s opinion, are cited two recent cases which represent facts somewhat similar to this case. Normand v. American Home Assurance Company, 171 So.2d 804 (La.App. 3d Cir., 1965) and Hoover v. Wagner, 189 So.2d 20 (La.App. 1st Cir., 1966), while not easily distinguishable from one another, are distinguishable from the case at hand in the application of the proper law to the facts.
In Hoover and Normand the law applicable was L.S.A.-R.S. 32:76, relative to passing, and in both the cases it is obvious that the issues revolved around the interpretation of that statute. Here, the accident was caused by a violation of L.S.A.R.S. 32:123 relative to stop signs. The difference in statutes applicable, we feel, sufficiently distinguishes this case from the other two so that neither is controlling.
Defendant having violated the right of plaintiff to free access and use of the intersection, she and her husband, Mrs. Weaver having been on a community mission, should be held liable for the damages sustained by plaintiff in that defendant’s negligence was the sole proximate cause of the accident which occurred.
For the foregoing reasons, it is the ruling of this court that the decision of the trial court is free of error in fact and law, and that said judgment awarding damages to Ralph Van Fossin, Sr., and against Charles Weaver and Carol Weaver, hereby be sustained. All costs to be paid by defendants-appellees.
Affirmed.