BARON B. BOURG, Judge Pro Tem.
This case arises out of an intersectional collision in the City of New Orleans between a bus owned by the City of New Orleans and the car of Mr. Elvin J. Williams. The City of New Orleans instituted suit against Elvin J. Williams for property damage to the bus and Williams reconvened against the City and its liability insurer, The Travelers Insurance Company, for property damage to his car.
After a trial on the merits, the trial judge rendered judgment in favor of the defendant and against the plaintiff in the principal suit and in favor of the defendant in reconvention in the reconventional demand, dismissing both. From these judgments, both plaintiff and defendant-plaintiff in reconvention, have appealed.
The plaintiff’s bus was travelling north on Dumaine Street toward North Miro Street while defendant was driving in a westerly direction on North Miro Street toward Dumaine Street. The collision occurred in the intersection when the front of the bus hit the left side of the defendant’s car.
The testimony of all three witnesses is in conflict. The driver of the bus, William Suhre, testified that as he turned from Galvez Street to Dumaine Street the light was red, but as he reached a point approximately SO feet from the intersection of North Miro and Dumaine Streets, the light turned green. He said that he was going approximately 20 mph and had reached a point approximately 10 feet from the intersection when he could see down North Miro Street and was able to see a car approaching at a high rate of speed. He applied his brakes but could not stop in time to avoid the collision in the intersection. He testified that he- looked up after the collision and the light was still green for Dumaine Street.
The defendant, Elvin J. Williams, testified that he was driving at about 20 mph on North Miro Street toward Dumaine Street. There was a car in front of his that pulled to the right in about the middle of the block. As the defendant pulled around this car, he noticed that the light ahead was green for North Miro Street. He said that the light was green for his direction of traffic when he entered the intersection'. Although he had looked just before reaching the corner of Dumaine and North Miro Streets, he did not see the bus before it struck him.
The only other witness, a Miss Reed, was called to testify by the City of New Orleans. She indicated that she was a passenger on the bus. She said she was not watching the light but did look up when the bus was about 10 feet from the intersection and noticed the light for Du-maine Street was yellow. However, she could not state what color the light was when the bus entered the intersection.
The trial court determined that neither plaintiff nor defendant-plaintiff in re-convention proved their claim by a preponderance of evidence. The two parties’ testimony conflict with each other and the only other testimony, that of Miss Reed, supports neither, and in fact, is at variance with both. The trial court therefore correctly dismissed both claims.
We are mindful of the proposition, as it is set out in United Services Automobile Ass’n v. Travelers Ins. Company, 255 So.2d 418 (La.App.1971), that the court should reconcile apparent conflicts in testimony. But that duty cannot be discharged in a case like the present where all the testimony is in hopeless conflict and other evidence in the record supports neither side.
*746 We are also aware that this principle is especially binding where there is an innocent third party who has been injured by the negligence of one or both of the drivers.
“In theory, this ‘duty to reconcile’ does not extend to a contest between the two drivers only, since there is no innocent third party who must recover under either version.” United Services Automobile Ass’n v. Travelers Ins. Company, supra.
In the instant case, no third party is asserting a claim.
The mere occurrence of an accident does not give rise to a presumption of negligence. See Minton v. Continental Insurance Company, 110 So.2d 789 (La.App. 1959); Pitre v. Employers Liability Assurance Corporation, 234 So.2d 847 (La.App. 1970).
The jurisprudence of this state is well settled to the effect that the burden of proof is incumbent upon the plaintiff to establish negligence by a fair preponderance of the evidence. In the case at bar, neither plaintiff nor defendant has discharged the burden of proof required by the laws of this state and, accordingly, their claims must be rejected. See Minton v. Continental Insurance Company, supra; Mayon v. New Amsterdam Casualty Company, 191 So.2d 688 (La.App.1966).
For these reasons, the judgment of the trial court dismissing both the principal and reconventional demands is affirmed at appellant’s cost.
Affirmed.
SCHOTT, J., concurs with written reasons.