SCHOTT, Judge.
This case arose out of an automobile accident which occurred at the intersection of St. Bernard Avenue and North Miro Street in New Orleans. Both drivers testified that the semaphore signals facing them were green at the time they entered the intersection and they both called independent witnesses who corroborated their testimony. In dismissing the consolidated suits of both drivers the trial judge stated that “it is impossible to say that either litigant has proved the correctness of his or her position by a preponderance of the evidence, or that his or her action did not contribute to the accident, hence barring recovery by either one or the other.” Louise Mackey, who was driving on St. Bernard Avenue has appealed from the judgment along with her husband, Melvin Mackey. Melvin Bouie, the other driver, did not appeal or answer the appeal. The issue is whether the dismissal of the Mackey suit should be reversed in the light of jurisprudence which tends to require the Court of Appeal to resolve such a dispute in favor of one driver or the other.
Bouie, traveling on North Miro Street, testified that the light facing him was green. Wanda Marie Aubert, driving her automobile also on North Miro alongside *214 Bouie’s truck, testified that the light facing her was green when Bouie entered the intersection and even as the impact occurred. Her passenger, Shirley Aubert, testified that the light facing them was green as they entered the intersection.
Louise Mackey testified that the light facing her was green as she entered the intersection. Mathew Love, who was talking on a telephone at a booth on the corner, testified that he looked up at the light facing St. Bernard when the impact occurred and it was green. t
The Mackeys rely on United Services Auto Ass’n. v. Travelers Ins. Co., 255 So.2d 418 (La.App. 4th Cir. 1971) where this court, faced with a similar conflict in testimony with respect to which driver had the green light, held that the trial court which dismissed both claims had erred in failing to resolve the dispute. The court went on to say:
“In a case where both litigants present evidence on the same point, the decision on that point must favor one or the other, unless the evidence is exactly equal. When both sides present considerable evidence (as here), it is not practical and only remotely possible to accord exactly equal weight to the evidence on each side.”
The court went on to evaluate the testimony of all of the witnesses and concluded that one of the drivers had the green light, so that the other was negligent in failing to stop at the intersection.
However, in City of New Orleans v. Williams, 292 So.2d 744 (La.App. 4th Cir. 1974) this court, recognizing the applicability of the United Services Auto Ass’n. case, found that the duty to reconcile apparent conflicts cannot be discharged in a case where all the testimony is in hopeless conflict and other evidence in the record supports neither side. The court concluded that neither plaintiff nor defendant had discharged the burden of proof required by the law of the state and found that both claims were properly rejected.
In the instant case the trial court specifically found that neither driver proved his or her case by a preponderance of the evidence. From our review of the record we are compelled to reach the same conclusion. These are two separate consolidated cases. In theirs, the Mackeys alleged that Mrs. Mackey had the green light and Bouie violated the law by entering the intersection against a red light. Bouie based his case on the allegation that he had the green light and Mrs. Mackey violated the law by entering the intersection against a red light. Each driver had the burden to prove his or her case, and the trial court, after hearing the parties and the witnesses produced by each driver, concluded that neither carried his or her burden of proof. After reviewing the testimony of the witnesses we cannot conclude that the trial court committed manifest error in reaching his conclusion.
We add that the only appeal before us is by the Mackeys. If we were compelled to reach a conclusion opposite the one reached by the trial court we would be more inclined to resolve the dispute in favor of Bouie since his testimony was corroborated by a driver of an automobile alongside of his. Surely this driver was in a better position to know the status of the light at the intersection than was the Mackeys’ witness who was talking on a telephone at the corner of the intersection.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.