AYRES, Judge.
This action in tort arises out of a motor-vehicle collision between plaintiff’s truck and an automobile of one J. E. Stack, Jr., operated by his son, J. E. Stack III. Made defendant is Stack’s public liability insurer,. from which plaintiff seeks to recover damages for personal injuries, pain and suffering, and for permanent disabilities sustained in the accident, as well as for hos *727 pital and medical expenses incurred in the treatment thereof, and for loss of wages resulting therefrom. From a judgment awarding plaintiff damages in the sum of $2,500.00 for personal injuries and $103.-75 for medical expenses, defendant appealed.
The issues are factual in character, which necessitate a brief review of the facts. The accident occurred on Main Street, a segment of State Highway 15 as it traverses the town of Farmerville in a north and south course. The two-lane, asphalt-surfaced street was, at the time of the accident, wet from a mist of rain then falling. Plaintiff’s residence faces Main Street. A gravel driveway leading from his property intersects the street. At a distance of 270 feet north of the driveway there is a crest of a hill from which the street declines beyond plaintiff’s residence. Beyond the crest of the hill a view of a motor vehicle on plaintiff’s driveway could be had from a distance of 325 feet, and, for a distance of 280 feet, the entire vehicle would have been visible to a motorist approaching from the direction in which defendant’s driver was coming.
On the occasion of the accident, plaintiff drove his truck from his driveway into the street, made- a left turn, and proceeded southward a distance of approximately 90 feet when it was struck from the rear by the automobile of defendant’s assured, proceeding in the same direction. Before entering the street, plaintiff first stopped, observed the approach of no traffic from either direction, and then proceeded, as aforesaid, into the street and continued in a southerly direction. Plaintiff’s speed, while entering and proceeding down the street, was very slow, estimated, not only by him but by defendant’s driver, at approximately five or six miles per hour.
Defendant’s driver testified that he was possibly 150 feet away when he saw plaintiff emerge from his driveway, but that he nevertheless continued without applying his brakes until he reached a point opposite the driveway, from which position his car skidded to the place of impact. Stack’s speed, according to his own testimony, was at least 35 m. p. h.; the speed limit, however, was 25 m. p. h. His rate of speed, he accounts for by the presence of a highway marker, beyond the crest of the hill, indicating that the former was the legal limit.
In reviewing the testimony, after taking into consideration the facts and circumstances surrounding the accident and the speed of the two vehicles, the trial judge concluded that Stack’s version of the accident was untrue and that the evidence supported plaintiff’s position. Stack testified that he saw plaintiff on his driveway approaching the street and thought plaintiff would stop, but, to the contrary, that plaintiff drove out in front of his car when it was too late for him to stop. This, the court concluded, was a physical impossibility, for, at the speed of the vehicles, Stack would have been beyond the hill and, therefore, out of sight when plaintiff entered the street. Obviously, Stack was not keeping a proper lookout, for plaintiff’s truck was clearly visible in the street when Stack came over the hill.
Moreover, had Stack been vigilant, he could and should have timely observed plaintiff’s truck and passed to its left. He had, in any instance, a last clear chance to avoid the accident, but, because of inattention, failed to do so. The conclusion is inescapable that the accident resulted from Stack’s negligence.
The statutory law applicable here is found in LSA-R.S. 32:124. There it is provided:
"The driver of a vehicle about to enter or .cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, *728 and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.” (Emphasis supplied.)'
Pursuant to the aforesaid principle a rule has developed in the jurisprudence to the effect that a motorist intending to enter a main highway or street from a private driveway is not required to await making his entry so long as there is traffic in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that his entry can be made in safety and without obstructing the normal movement of traffic approaching from either direction. Higginbotham v. Frazier, La.App., 1st Cir. 1957, 92 So.2d 89 (writ denied); Jones v. Travelers Insurance Company, La.App., 3d Cir. 1963. 149 So.2d 441.
It is nevertheless recognized that the primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private driveway. He is required to keep a lookout for vehicles upon the favored passageway and must exercise due care and caution. His actions, however, must be considered in the light of the surrounding circumstances and, if the circumstances would suggest to the mind of a reasonably prudent person that the entry can be undertaken without danger of collision, his justification for undertaking the entry is established. Payton v. Great American Indemnity Co., La.App., 2d Cir. 1955, 83 So.2d 575 (writ denied) ; Chandler v. Grain Dealers Mutual Insurance Co., La.App., 2d Cir. 1961, 131 So.2d 606.
We conclude, as did the trial court, that plaintiff’s entrance into the street, under the facts disclosed by this record, was an act of a reasonably prudent person; that he was free from fault.
No issue is presented as to the quantum of the award. Plaintiff sustained a rather severe whiplash-type injury to his neck or cervical spine. The pain suffered was found to have been considerable, witE-a prolonged period of discomfort, aggravated by the wearing of a neck brace. The-award is not excessive.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant’s cost.
Affirmed.