HOOD, Judge.
Plaintiff, Widney Bass, claims workmen’s compensation benefits based on allegations that he sustained a disabling injury while working for Patterson & Edmonson Construction Company, Inc. The suit was instituted against the workmen’s compensation insurer of the employer. After trial on the merits, judgment was rendered by the trial court rejecting plaintiff’s demands, and plaintiff has appealed.
The sole issue presented on this appeal is whether plaintiff has been disabled since he discontinued working for the employer on or about December 10, 1963.
Plaintiff began working as a pipe grader for the insured construction company during the first week in October, 1963, and he continued to perform that type of work until his employment was terminated a little more than two months later. The employer was engaged in laying sewerage pipes in the town of Oberlin during that time. Plaintiff described his duties as, “Well, I have a grading pole; all I have to do is put it in the pipe and see if it is the right grade * * * it is very light work.” He further testified, however, that his duties required him to do a great deal of standing and walking and some bending or stooping.
At about 7:30 a. m. on Friday, November IS, 1963, while plaintiff was working near a tractor which was equipped with a stabilizer, the operator of the tractor caused the stabilizer to lift suddenly, and that in turn caused plaintiff to be thrown four or five feet in the air and to fall on his right hip on a blacktop road. He was assisted to his feet by other employees, and he was then taken to his home in the automobile of a fellow employee. He remained at home the rest of that day and for the next two days. He reported back to work the following Monday morning, November 18, 1963, however, and he worked full time, performing his regular duties, from that date until December 10, 1963, a period of a little more than three weeks. He states that he voluntarily left his employment on the last mentioned date because his hip “kept on bothering” him.
Plaintiff testified that he suffered severe pain in his right hip at the time the accident occurred, that he continued to suffer pain in that hip until about May, 1964, and that since the last mentioned date he suffers pain only when he makes a “false step” while walking. He did not consult a doctor or seek any kind of medical treatment until December 20, 1963, which was five weeks after the accident occurred and about ten days after his last day of work. The accident was not reported to the employer until long after the employment had been terminated, and plaintiff did not inform the employer or any of his fellow employees that he had been injured, that he was suffering pain or that he was disabled at any time while he was performing the regular duties of his employment after the accident had occurred.
Plaintiff consulted Dr. Donald R. Vesley, a general practitioner, on December 20, 1963, and has been under his care and treatment since that time. In his initial examination, made exactly five weeks after *401 the date of the accident, Dr. Vesley found that plaintiff had marked multiple lacerations, abrasions and bruises over the right side of his body, and particularly on his shoulder and hip. The right shoulder was swollen and discolored, plaintiff voluntarily splinted his right arm and right leg and he walked with a limp. The doctor testified that there were crusted scab formations on the lacerations and abrasions, that the injuries were not new, that “they probably had to be over a week and a half old and they could have been as much as probably a month.” He found essentially the same conditions to exist on December 26, 1963, or about six weeks after the date of the accident. Dr. Vesley concluded that plaintiff had a sprain of the right shoulder with contusion type injuries to that joint and the forearm, a moderately severe lumbo-sacral sprain, and a moderately severe sprain of the right hip joint, as well as multiple contusions and abrasions of the right calf and right foreleg. In his opinion, plaintiff was disabled from the time of the initial examination until March 20, 1964, but he feels that plaintiff has been able to perform his regular duties since the last mentioned date.
Dr. Charles V. Hatchette, an orthopedic surgeon, examined plaintiff on January 16, 1964, at the request of plaintiff’s attorney. Plaintiff complained of pain in the right hip, right thigh and in the groin. Dr. Hatchette testified that the examination was “completely negative,” that in his opinion plaintiff “was able to return to active duty,” that “there was nothing in the examination to indicate either temporary or permanent disability,” and that he “reached a positive opinion that there wasn’t anything wrong with him.”
At the suggestion of Dr. Vesley, plaintiff also was examined by Dr. Heinz K. Fal-udi, a neurological surgeon, on February 14, 1964. He complained of pain only in the right hip and the right groin. Dr. Fal-udi found no objective signs of injury or disability, but from the history and subjective complaints he concluded that plaintiff had sustained a contusion of the right hip and a moderately severe sprain of the right hip joint. In his opinion, plaintiff could perform light work at that time, and he felt that within six to eight weeks he should be able to perform heavy labor. Dr. Faludi was under the erroneous impression that plaintiff customarily performed heavy labor, requiring him to lift heavy objects. Also, plaintiff did not inform the doctor of the prior injuries which he had sustained. Since plaintiff actually had been performing only light work, and since Dr. Faludi concluded that he could perform light work at the time he examined him, we construe the doctor’s testimony to be that in his opinion plaintiff was able to return to the type of duties he was performing at the time of the accident.
The evidence shows that plaintiff had sustained injuries on three other occasions within a period of less than two years prior to this accident. He was involved in an automobile accident in 1962 and in another automobile accident in March, 1963. In both instances he says he sustained physical injuries, and following each of those accidents he employed an attorney to assist him in recovering damages. One of these claims for damages was settled in June, 1963. He also sustained a back injury on September 11, 1962, while working for H. B. Price Company, and thereafter he instituted suit for workmen’s compensation benefits, alleging that he was totally and permanently disabled. His compensation claim was settled by compromise on July 2, 1963. Dr. Vesley treated plaintiff for the injuries which he sustained in one of the two automobile accidents and for the back injury which he sustained in September, 1962. Plaintiff has not been employed since he left this employment on December 10, 1963.
 The rule is settled that since the treating physician has had the greater opportunity to examine and observe the patient, the opinions expressed by the treat *402 ing physician are entitled to great weight. It is equally well settled that the opinions of an orthopedic surgeon or of a neurological surgeon as to an injury which falls within either or both of those fields are .generally entitled to greater weight than .are the opinions expressed by a general practitioner as to that injury. See Harris v. Great American Indemnity Company, et al, La.App. 3 Cir., 142 So.2d 594, and cases cited therein.
In the instant suit, the injury clearly falls within the field of orthopedics or of •neurosurgery, and both of the specialists -.in those fields who testified are of the opinion that plaintiff was not disabled from performing his regular duties at the time they examined him. On the other hand, the treating physician, a general practitioner, is of the opinion that plaintiff has had some disability since his unemployment was terminated. The trial judge apparently was not impressed by the testimony of either the treating physician or of plaintiff, since he concluded that plaintiff failed to •establish that he had had any disability relating to the accident.
The defendant points out several facts which make it difficult to relate the findings ■of the treating physician to the accident -which occurred on November 15, 1963. In -the first place, Dr. Hatchette and Dr. Fal--udi examined plaintiff during the period when the treating physician felt that he -was disabled, and yet they apparently were .unable to find the objective signs upon which Dr. Vesley based his conclusions. Also, if plaintiff had sustained lacerations .and abrasions serious enough for crusted •scabs to be present five and six weeks later, then there obviously must have been •some noticeable bleeding at the time of the . accident. Yet neither plaintiff nor any other witness has stated that there was any 'bleeding as a result of the accident, a fact which we think would have been shown if - that had occurred. There is no evidence to -the effect that plaintiff limped or splinted any part of his body during the three week period following the accident when he performed the regular duties of his employment. Dr. Vesley stated that he treated plaintiff on at least fourteen occasions after the accident occurred, while plaintiff testified that he went to him only three or four times. Although Dr. Vesley apparently considered the shoulder injury and the lumbosacral sprain as major causes of plaintiff’s disability, plaintiff testified that only his hip was struck and that only that part of his body caused him pain. He did not complain to either of the other examining physicians of pain or disability in the shoulder or low back area, and he testified:
“Q. Did you have any pain anywhere else besides your right hip?
“A. No, sir, I didn’t.”
It is possible that the treating physician has confused this injury with one of the other prior injuries which plaintiff sustained and for which the same doctor treated him. It also is conceivable, as suggested by defendant, that plaintiff sustained another injury between the time he left his employment and the time he was first examined by Dr. Vesley. We do not speculate as to what may have caused these apparent discrepancies in the evidence, but we do attach significance to the fact that the trial judge rejected the testimony of the treating physician and of plaintiff as to the latter’s alleged disability.
After carefully reviewing all of the evidence, we conclude, as did the trial judge, that plaintiff has failed to establish that he has had any disability since his employment was terminated which can be related to an accident which occurred during the course of that employment.
For these reasons, the judgment appealed from is affirmed. All costs of the appeal are assessed to plaintiff-appellant.
Affirmed.