BAILES, Judge.
Plaintiff-tutrix, Mrs. Adley Mayon, instituted this action to recover on behalf of the minors, Shirley Jane LeBouef Stephanie Ann LeBouef and Christine Le-Bouef, damages for the alleged wrongful death of their father and mother. These parents died instantly from injuries received in a collision between their vehicle and .a large truck owned by Pelican State Lime Corporation. This truck of the latter was used by it to haul powdered lime from its plant to a loading hopper some distance .away. The party defendants are Harold Robinson, an employee of the lime company and driver of its truck, and New Amsterdam Casualty Company, insurer of the truck.
For a cause of action against the defendants, plaintiff alleged that on July 10, 1960, Dalton J. LeBouef, father of the minors, was driving his 1954 Ford automobile in an easterly direction on U. S. Highway Number 90 ■; that Mrs. Lucy M. LeBouef, his wife and mother of the minor children, was riding therein as a guest passenger; that at the same time and place Harold Robinson, as agent and employee of Pelican State Lime Corporation, was operating the latter’s truck in an easterly direction; that at about 3:00 o’clock a. m., on said date, Dalton J. LeBouef, while proceeding at a moderate rate of speed about three miles west of the town of Amelia, Louisiana, violently collided with the rear of the said truck; and as a result thereof both the father and mother of said minors were killed.
The actionable negligence of defendant, Horace Robinson, and his employer, is alleged to be “in operating said truck on the highway at night without proper lights, covered with lime dust, making it invisible to approaching traffic.”
In their answer, the defendants deny the acts of negligence alleged in plaintiff’s petition, and they alternatively allege, in the event the court should find defendants are guilty of negligence, that plaintif is barred from any recovery because of certain alleged act of contributory negligence of both Dalton J. LeBouef and his wife, Mrs. Lucy M. LeBouef.
From the allegations of negligence on the part of defendants, it became important to the plaintiff to establish the condition and/or the appearance of the rear of the lime truck. It was a matter germane to the issue before the court, and during the course of the trial, plaintiff moved the court to issue a subpoena duces tecum for the production by the defendants of certain photographs, being some fourteen in number which defendants had obtained from a photographer depicting the scene of the accident and also the rear of the truck. It was the plaintiff’s contention these photographs would reflect that the rear of the large lime truck was covered with lime dust to such extent and in such manner as to obscure any lights thereon. The lower court first refused to order the subpoena for the reason it doubted it could do so or that it had such authority. Subsequently, and still during the course of the trial, plaintiff again moved the court for the subpoena duces tecum. At this time, the lower court denied the motion for the reason plaintiff had not stated under oath what she expected to prove by the photographs. See LSA-C.C.P. Article 1354.
Subsequent to the completion of trial of this case, but prior to any decision on the merits by the court, plaintiff again renewed her efforts to obtain the photographs by means of a subpoena duces tecum. This time, by affidavit of her counsel, plaintiff made a statement of what was expected to be proved by the photographs. In response *769 to the motion for the subpoena, the lower court ordered the defendants to show cause why the photographs should not be introduced into evidence. The defendants objected to the introduction on the ground this proceeding came too late after the trial of the case. The court sustained the objection and denied plaintiff’s motion for the production of the pictures.
We are of the opinion the photographs should have been ordered produced and admitted into evidence after proper foundation had been laid for their introduction. It appears to us the question of condition and appearance of the rear of this truck into which Mr. LeBouef drove his vehicle is pertinent to the question of liability, and plaintiff should not be denied the opportunity to introduce them, nor should the court be denied the benefit of this evidence. These pictures could be pertinent to a determination of defendants’ liability for the wrongful death of both of these parents, or Mrs. LeBouef alone. We are not herein passing on the question of liability, as this is reserved for subsequent proceedings. We hold plaintiff is entitled to the production, under the subpoena, of the photographs which was heretofore denied her.
The procedure plaintiff used for the production of the photographs after trial, before the lower court had made any decision, was proper under the holding of this court in Cali v. Cloverland Dairy Products Co. et al. (La.App., 1945) 21 So. 2d 166.
In the instant case, we conclude the lower court was in error in not ordering the production of the photographs on motion of the plaintiff during the trial, and further, the lower court abused its discretion in not ordering'their production in the post-trial proceeding. This conclusion requires this case be remanded for the limited purpose of identifying and introducing the photographs in evidence.
We are not justified in taking as confessed the facts set forth in the affidavit as to what these photographs would prove for the reason the defendants have not failed to comply with the subpoena duces tecum because no such subpoena, in fact, has been issued to them. The defendants objected to the production of them, and the lower court sustained their objection. It is only when the adverse party fails to comply with the subpoena for the production of certain described books, papers, documents, or other tangible things that the facts set forth in a written statement under oath shall be taken as confessed.
Therefore, this case is remanded to the lower court for the limited and restricted purpose of proper introduction of said photographs in evidence, and a consideration of their probative value. Defendants to pay cost of this proceeding. The assessment of all other costs of court to await final judgment.
Remanded.