HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiffs, Joseph Mose and his wife, Isabella Mose, as the result of a motor vehicle collision. One *478 of the vehicles involved in this collision was being driven by Joseph Mose, and the other was being driven by Miss Katherine G. Shaw. The suit was instituted against Allstate Insurance Company, the liability insurer of the Shaw vehicle. Judgment on the merits was rendered by the trial court in favor of plaintiffs, and defendant has appealed.
The accident occurred at about 1:50 p. m. on April 16, 1965, at the intersection of Hodges and Mill Streets in the City of Lake Charles. Motorists on Hodges Street have the right-of-way, and stop signs were located on Mill Street, directing motorists on that street to stop before proceeding to cross Hodges. The weather was clear at the time the accident occurred.
Plaintiff, Joseph Mose, was driving his car north on Hodges Street, the preferred thoroughfare, at a speed of about 25 miles per hour. His wife was in the car, seated on the front seat to the right of the driver. While Mose was traversing the intersection of Hodges and Mill Streets, the left rear portion of his car was struck with considerable force by the front of the Shaw vehicle, which was being driven in an easterly direction on Mill Street. The evidence shows that Miss Shaw was driving at a speed of from 30 to 40 miles per hour as she entered the intersection, and that she did not stop or reduce her speed before the collision occurred. Mose testified that he did not see the Shaw automobile until it was about 10 feet from him, and that at that time it was impossible for him to avoid the accident.
Defendant contends that the sole proximate cause of the accident was the negligence of plaintiff Mose in failing to maintain a proper lookout as he approached this intersection. It is argued that if Mose had seen the Shaw vehicle approaching the intersection as soon as he should have done so, he would have noticed that the driver did not intend to obey the stop sign, and thus Mose would have had the last clear chance to avoid the accident.
We find no merit to this argument. The Mose car was being driven at a slower rate of speed than was the Shaw automobile, and it traversed more than half the distance across the intersection before the collision occurred. It is apparent, therefore, that Mose entered the intersection before the Shaw vehicle reached it. The evidence does not show where the Shaw vehicle was when Mose reached the intersection, nor does it show that Mose would have been able to avoid the accident if he had seen the Shaw car as soon as it became apparent that the driver of that car did not intend to stop before entering the intersection.
We agree with the conclusion reached by the trial judge that the operator of the Shaw vehicle was negligent and that her negligence was the proximate cause of the accident. We affirm the finding of the trial court, therefore, that defendant is liable to plaintiffs for the damages which they sustained as a result of this accident.
Immediately after the accident occurred, both of the plaintiffs were taken to the Lake Charles Memorial Hospital by ambulance, where they received medical treatment. As a result of this accident, Isabella Mose sustained a mild to moderate cervical strain, a lumbosacral strain, abrasions and bruises of both knees and the right elbow. She was hospitalized for twelve days, during which time she was administered muscle relaxant drugs, analgesics and physiotherapy, and during at least ten days of that period she was placed in cervical and lumbar traction. She continued to receive medical treatment after her release from the hospital, a part of that treatment consisting of the wearing of a corset for several weeks. She was employed at the time the accident occurred, and as a result of the injuries which she sustained she was disabled from returning to her employment for a period of approximately three and one-half months. When she did recover sufficiently to return to work, she was unable to get her *479 job back because they had replaced her with another employee. She stated that at the time of the trial, which occurred about nine months after the accident, she still suffered with pain in her back periodically. The trial judge awarded her the sum of $2,750.00 for her pain and suffering.
The evidence shows that Joseph Mose was knocked unconscious for several minutes by the force of the impact. As a result of the accident he sustained injuries consisting of a mild to moderate cervical strain, and a small laceration of the upper left arm. He was hospitalized for six days, during which time he was placed in cervical traction and received physical therapy treatments. Following his discharge from the hospital, he was fitted with a cervical collar, which he wore for approximately three weeks. He was discharged from further treatment on May 13, and he returned to work on May 17, 1965. He states, however, that he was not well at the time he returned to work, and that he still has trouble with his neck when the weather changes. The trial judge allowed Joseph Mose the sum of $1,750.00 for his pain and suffering.
The defendant contends that the awards made by the trial judge for pain and suffering are excessive and should be reduced. No issue is raised as to the additional award which was made to Joseph Mose as special damages.
The trial judge has “much discretion” in the award of general damages for personal injuries, and the award made by him should not be disturbed on appellate review unless there has been an abuse of that discretion. LSA Civil Code Art. 1934 (3); Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. We have considered the amounts awarded in the cases which have been cited to us and which we consider to be “similar” to the instant suit. Our conclusion is that the awards of general damages made in the instant suit are not so excessive as to constitute an abuse of the “much discretion” which is vested in the trial court. Wc, therefore, affirm the awards made to plaintiffs in this case.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.