REGAN, Judge.
The plaintiff, Joseph Clark, filed this suit against the defendants, Leonard B. Keller and Liberty Mutual Insurance Company, endeavoring to recover the sum of $15,311.23, representing damages for personal injuries and medical expenses which he asserts were incurred by him as a result of Keller’s negligent operation of his automobile in colliding with the rear of the plaintiff’s vehicle while it was stopped.
The defendants answered, denied their negligence, and alternatively asserted the contributory negligence of the plaintiff in bringing his vehicle to a sudden stop without proper warning.
After a trial on the merits, judgment was rendered in favor of the plaintiff in the amount of $2,528.00.
This case was consolidated with a similar suit arising out of the same accident in *203 order to facilitate and expedite the trial thereof. The suit referred to is entitled “Hirstius v. Keller and Liberty Mutual Insurance Company” and bears the docket number 2344 of this court. In the Hirstius case, the plaintiff was a guest passenger in the Clark automobile and asserted that he ■was entitled to recover $3,056.50 for personal injuries incurred as the result of the aforementioned collision.
In the course of trial of this case in the lower court, counsel offered no proof to invalidate the plaintiff’s assertion that the negligence of the defendant, Keller, was the proximate cause of the collision. Moreover, in this court it was stipulated that the defendant was at fault and that the plaintiffs were not guilty of any negligence which contributed to the accident. Therefore, the principal question posed for our consideration on the appeal hereof is the correctness of the award of damages to the plaintiff by the trial judge.
The record discloses that the accident occurred on November 14, 1963, and the facts thereof reveal that it was the usual rear end collision, wherein the plaintiff incurred “whiplash injuries” or “an acute strain of the neck muscles”. He sought medical attention the next day from Browne-McHardy Clinic, and he was ultimately referred to Dr. Claude Craighead for treatment, which consisted of sustained traction and ultrasonic therapy. Following nine such treatments, Dr. Craighead referred Clark to Dr. Irving Redler, an orthopedic specialist, for consultation and examination. Dr. Redler, after completing his evaluation, again referred Clark to Dr. Craighead for more of the same treatment. Clark then received sixteen additional traction and ultrasonic treatments, after which, he was re-evaluated by Dr. Redler on January 3, 1964. He still complained of pain; however, Dr. Redler recommended his discharge since he was found to be a symptomatic.
Thereafter, Clark related that he continued to experience pain in the area of the right and left trapezius muscles. Consequently, his wife massaged the area with an ointment designated as “Beagle Oil”. This treatment was administered regularly until February, 1965.
In July of 1964, Clark said that he suffered a severe recurrence of pain in the area of the injury, and therefore consulted his family physician, Dr. Francis I. Nicolle, a general practitioner. He found severe muscle spasm in the area of the right trapezius muscle and treated Clark with ultrasound, diathermy, and drug therapy. After his third and final visit to Dr. Nicolle, the latter’s impression was that Clark’s symptoms were worse than when he initially saw him.
The foregoing evidence is largely uncon-tradicted. It is not disputed that previous to the collision Clark had experienced no difficulty with his neck and back, and that after the accident, he sustained no other injury or trauma which could have caused or contributed to the recurrence of his symptoms.
An additional focal point of the defendants’ appeal is predicated upon the fact that while Clark was under the treatment of Doctors Craighead and Redler his chief complaint emanated from pain in the left trapezius muscle. On the other hand, after a recurrence of symptoms, his complaints centered about the area of the right trapezi-us muscle. Counsel for the defendants insists that the medical evidence is contradictory relative to the probability of the recurrence of the plaintiff’s symptoms in another area of the trapezius muscle.
More specifically, the defendants contend that Dr. Redler, the orthopedic specialist, testified that the injury to the right trapezius muscle could have no connection with the accident, which they say contradicted the testimony of Nicolle, a general practitioner, who does in fact relate it to the accident. The defendants point out that greater weight must be given to the testi *204 mony of a medical specialist than to that of a general practitioner.[1]
The record, however, does not cause us to believe that Dr. Redler, in fact, contradicted the opinion of Dr. Nicolle. A fair Evaluation of the entire testimony of both physicians reveals that Dr. Redler’s position was that the plaintiff never complained of symptoms involving the right trapezius muscle while under his care. However, both doctors do agree that it is not unusual for a symptom to recur in a different portion of the trapezius muscle at some later time.
■;.We reiterate for the purpose of emphasis that the record is completely devoid of any evidence indicating an intervening trauma between the period of Dr. Redler’s recommended discharge and the recurrence of the plaintiff’s back pain. On the contrary, the trial judge, who heard and observed the demeanor of the witnesses during the course of the trial hereof, explicitly accepted the plaintiff’s testimony with respect thereto as reasonable and probably true.
The foregoing illucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the plaintiff’s version of the degree and severity of injury and pain suffered by him. Moreover, the trial judge did not observe any conflict in the testimony emanating from either the orthopedic specialist or general practitioner.
Relative to the plaintiff’s complaints of discomfort in the area of his right trapezius muscle, which he says resulted from the accident, the question which naturally arises is whether the finding of the trial judge that such a connection did in fact exist is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing evidence or by endeavoring to achieve a word by word reconciliation of the testimony of the respective witnesses who appeared herein. The trial judge accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor.
Insofar as the correctness of the trial judge’s monetary award is concerned, we must be guided in our judicial conclusions by the rationale emanating from the cases of Gaspard v. LeMaire,[2] Ballard v. National Indemnity Company of Omaha, Nebraska,[3] and Ballanga v. Hymel,[4] the import of which is to grant to the lower court considerable discretion in assessing damages. In effect, in evaluating the correctness of the award, the only pertinent issue before us is whether the trial court abused the discretion granted him. We detect no abuse thereof.
The record discloses that the plaintiff was administered treatment on twenty-five distinct occasions between the period of November 14, 1963, and January 3, 1964. It is not disputed that his pain persisted until February of 1965. During this time, he suffered a recurrence of pain which required treatment from his family physician.
On the other hand, the defendants point out that the plaintiff was not severely handicapped in the performance of his work and that his functions, generally, were not seriously impaired during the course of his pain. However, considering all of the circumstances surrounding the plaintiff’s injuries and the suffering which he endured as a result thereof, we are convinced that the award of $2,500.00 by the trial judge *205 was not an abuse of his discretion and should not be disturbed.[5]
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.

. See Bass v. Travelers Indemnity Insurance Company, La.App., 173 So.2d 399 (1965) and Rusk v. Allstate Insurance Company, 167 So.2d 205 (1964).

. 245 La. 239, 158 So.2d 149 (1963).

. 246 La. 963, 169 So.2d 64 (1964).

. 247 La. 934, 175 So.2d 274 (1965).

. On appeal, the defendants requested that the trial judge’s award he reduced to $200.00, while the plaintiffs answered the appeal insisting upon an increase to $3,' 500.00.