211 So.2d 744 (1968)
Mrs. George ZAGER, Jr., Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY and State Farm Mutual Automobile Insurance Company.
No. 2357.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
*745 Edwards, Edwards & Broadhurst, by Stephen A. Stefanski, Crowley, for defendants-appellants.
Gist, Methvin & Trimble, Alexandria, for defendant-appellee; DeWitt T. Methvin, Jr., Alexandria, of counsel.
Fusilier, Pucheu & Spileau, by A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before FRUGÉ, HOOD and LEAR, JJ.
HOOD, Judge.
Plaintiff, Mrs. George Zager, Jr., instituted this suit for damages for personal injuries sustained by her as the result of a motor vehicle collision. One of the automobiles involved in the collision was being driven by plaintiff's husband, and the other was being driven by Thomas Joseph Maggio. The suit was instituted against Allstate Insurance Company, the insurer of the Maggio car, and State Farm Mutual Automobile Insurance Company, the insurer of the Zager automobile. Allstate filed *746 a third party petition demanding judgment against Zager and State Farm for one-half any sums which Allstate may be condemned to pay.
The trial judge rendered judgment on the merits in favor of plaintiff and against Allstate, and he dismissed plaintiff's suit as against State Farm. Allstate has appealed.
The appellant concedes that its insured, Maggio, was negligent. It contends, however, that Zager also was negligent, that his negligence was a proximate cause of the accident and that his insurer, State Farm, is solidarily liable with Allstate for any damages which may be awarded.
The accident occurred about 5:45 p. m. on May 14, 1966, on Tate Cove Road, in the City of Ville Platte, Louisiana. This road is a blacktopped, two lane, heavily traveled thoroughfare which runs north and south. A large shopping center is located on the east side of and adjacent to this road. There is a parking lot in front of the shopping center, with three exits from the lot to Tate Cove Road. It was daylight when the cars collided, the weather was clear and visibility was good.
At the time the accident occurred Mr. and Mrs. Zager were in their family owned automobile, with Mr. Zager driving. Their car had been parked in the above mentioned parking lot, and they left the lot by means of the center or middle exit. After entering the street Mr. Zager turned to his left and proceeded to drive in a southerly direction on Tate Cove Road. When the Zager car reached a point about 60 or 70 feet south of the middle exit of the parking lot it was struck in the rear by the Maggio automobile which also was traveling in a southerly direction on that road.
The evidence shows that Zager stopped his car at the exit of the parking lot and he waited for one or two vehicles to pass the exit before he proceeded into Tate Cove Road. He acknowledges that he saw the Maggio car approaching from the north, but he stated that he thought he had sufficient time within which to execute his left turn into that road, so he proceeded into the road at a moderate speed. After entering the street and making the left turn he shifted his car into high gear, and the evidence is uncontradicted that he had attained a speed of about 15 or 20 miles per hour before the collision occurred. The accident occurred in the southbound lane of traffic.
Maggio admits that he saw the Zager car "moving out" into Tate Cove Road before he reached the northernmost exit of the parking lot. By actual measurement, the northernmost exit is 273 feet north of the exit which was used by Mr. Zager. Maggio, therefore, was at least 273 feet from Zager when the latter entered the street ahead of him. Since the collision occurred at a point 60 or 70 feet south of the middle exit, it is apparent that Maggio traveled a distance of at least 333 or 343 feet between the time he saw the Zager car enter the street and the time the collision occurred.
The speed limit on Tate Cove Road at that point was 35 miles per hour. Maggio testified that he was driving at about that speed as he approached the parking lot, and that he applied his brakes as soon as he saw Zager enter the street but that he was unable to reduce the speed of his car enough to avoid an accident. The evidence shows that the Maggio car did not leave any skid marks on the road, and that the cars collided with considerable force in spite of the fact that they were both travelling south and the lead car was travelling about 15 or 20 miles per hour.
The trial judge concluded that Maggio was negligent in failing to reduce the speed of his automobile when he saw the Zager car ahead of him, and that his negligence was the sole proximate cause of the accident. He found that Zager was free from negligence. Since Maggio's negligence is conceded, we are concerned here only with the question of whether Zager also was negligent.
*747 The primary duty of avoiding a collision rests upon the driver of a vehicle entering a public highway from a private driveway, such a driver being required to keep a lookout for vehicles upon the highway and to not enter the highway until it becomes apparent to him, or until it should become apparent to a reasonably prudent person, that he can do so safely. LSA-R.S. 32:124; Jones v. Travelers Ins. Co., 149 So.2d 441 (La.App. 3d Cir. 1963); Holland v. United States Fidelity & Guaranty Company, 131 So.2d 574 (La.App.2d Cir., 1961); Vidrine v. Simoneaux, 145 So.2d 400 (La.App. 3d Cir. 1962); Chandler v. Grain Dealers Mutual Insurance Company, 131 So.2d 606 (La.App. 2d Cir., 1961). The motorist intending to enter a main highway from a private driveway, however, is not required to desist from making his entry as long as any traffic is in sight, but his duty is only to refrain from doing so until it should appear to a reasonably prudent person that the entry can be made in safety and without obstructing the passage of traffic from either side. Higginbotham v. Frazier, 92 So.2d 89 (La.App. 1st Cir. 1957, Cert. denied); Easter v. Davis, 153 So.2d 463 (La.App. 4th Cir. 1963).
Other cases in which similar factual situations were present and which we think are pertinent to the case at bar are: McQuillin v. Travelers Indemnity Company, 171 So.2d 691 (La.App. 2d Cir. 1965, writ refused); Cleveland v. McHenry, 179 So.2d 475 (La.App. 3d Cir. 1965); Johnston v. Bituminous Casualty Corp., 169 So.2d 726 (La.App. 2d Cir. 1964).
In the instant case we find that Zager was not negligent in entering the highway at least 273 feet ahead of the Maggio vehicle, and that under the circumstances presented in this case Zager was justified in assuming that he could safely enter Tate Cove Road. We agree with the trial judge that the sole proximate cause of the collision was the failure of Maggio to exercise reasonable precaution and prudence, and that Zager was free from negligence.
The trial judge awarded plaintiff $4,500.00 as damages for the injuries which she sustained. Defendant Allstate contends that the award is excessive and should be reduced.
The injuries sustained by Mrs. Zager consisted of a severe whiplash injury or cervical strain, with pains referred down the back of the neck and mid back and shoulder, a lumbosacral strain superimposed on osteoporosis and unequal leg lengths, contusions and abrasions of her left leg, contusions of the calf of the right leg with ecchymosis, and severe contusions of the chest. She was hospitalized from May 17 to May 31, 1966, during which time she received heat treatments and was placed in traction. She was hospitalized again for two days in August, 1966. She has been under the care and treatment of her family physician continuously since the date of the accident.
Plaintiff has recovered from her contusions and abrasions, except that she has a scar on her left leg about one and one-half inches in diameter. She experienced pain in her neck or cervical area for a period of about four months after the accident, and she states that she still suffers pain in her left leg and in her low back area which prevents her from doing her housework, cooking, tending her garden or doing the laundry. She also complains of increased nervousness and an inability to tolerate heat since the accident occurred. She weighed about 146 pounds at the time the accident occurred and has lost approximately 18 pounds since that time.
The trial judge has much discretion in determining the awards which should be made as general damages for personal injuries. Linthicum v. Hill, 185 So.2d 866 (La.App. 3d Cir. 1966); Mose v. Allstate Insurance Co., 188 So.2d 477 (La. App. 3d Cir. 1966); Williams v. Bologna Bros., Inc., 194 So.2d 131 (La.App. 1st Cir. 1966); Clark v. Keller, 192 So.2d 202 (La. App. 4th Cir. 1966). We think the award made in this case is within the limits of *748 the discretion vested in the trial judge and we thus affirm the award.
For the reasons herein set out the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, Allstate Insurance Company.
Affirmed.