218 So.2d 106 (1969)
Allie McGee WEST, Individually and for her minor children, Plaintiff-Appellant,
v.
RYDER TRUCK LINES, INC., et al., Defendants-Appellees.
No. 2533.
Court of Appeal of Louisiana, Third Circuit.
January 16, 1969.
Rehearing Denied February 13, 1969.
*107 Daniel J. McGee and Daniel Rivette, Mamou, for plaintiffs-appellants-appellees.
Davidson, Meaux, Onebane & Donohoe, by Farley Sonnier, Lafayette, for defendants-appellees-appellants.
Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendants-appellees.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
Malvin West was killed in a motor vehicle collision. He was riding as guest passenger in a Chevrolet driven by Walter Manuel. The Chevrolet collided with a large tractor-truck owned by Ryder Truck Lines, Inc. ("Ryder"). West's widow sues for herself and her minor children to recover damages thereby sustained.
The plaintiff widow appeals from the dismissal of her suit against Ryder and its liability insurer.[1] The principal issue raised is the contention by the widow that negligence of Ryder's driver was a contributory cause of her husband's death.
The accident occurred shortly after two A.M., just west of the city limits of Eunice. Both vehicles were proceeding eastward on U.S. Highway 190, a two-laned principal through route.
The plaintiff widow argues that Ryder's truckdriver imprudently entered the main highway in Manuel's path. She also argues that the tail-light of the truck insufficiently alerted overtaking motorists, since it was dusty and defectively located.
Substantial evidence supports the trial court's findings that: The truck, with fully lit and adequate tail-light, drew onto the main highway and proceeded 240 feet eastwards before it was struck from the rear by Manuel's Chevrolet. Manuel approached at a speed greatly in excess of 60 mph, the legal limit at the site. Manuel did not apply his brakes nor take any evasive action; he ran directly into the rear of the large tractor-truck, as if he had not observed it on the highway during the appreciable period it was proceeding forward of him in the same lane of the highway.
Essentially, in attacking these findings, the appellant relies upon prior statements allegedly contradictory, and upon mathematical calculations based upon the necessarily imprecise estimates of the witnesses as to seconds elapsed, distances at which vehicles were first perceived, and approximate speeds.
We recognize the forcefulness of the arguments made and the skill with which the testimony is analyzed to support these contentions. Nevertheless, we find no error in the trial court's evaluation of the testimony of these witnesses in accordance with the essential thrust of their trial testimony, which is to the effect of the trial court's findings summarized above. In the absence of manifest error, the lower court's findings of fact and evaluations of credibility should not be disturbed upon review. McDonald v. Book, La.App. 3 Cir., 215 So. 2d 394.
The legal principles applicable are not seriously in dispute. The primary duty to avoid a collision rests upon the driver entering a highway from a private driveway. However, he is not required to desist from entry so long as any traffic is in sight. He may proceed onto the principal thoroughfare under circumstances when it would appear to a reasonably prudent person that his entry can be made in safety and without obstructing the passage of approaching *108 traffic. Zager v. Allstate Insurance Co., La.App. 3 Cir., 211 So.2d 744, and many decisions cited there.
In the context of the facts found, the defendants' driver was not negligent in entering the highway when he did. At the time, the oncoming Manuel car was so far distant that, had he observed it[2], he was entitled to proceed onto the main thoroughfare in the reasonable assumption that he could do so safely and without obstructing the passage of traffic approaching at a lawful speed under the circumstances. Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451; Zager v. Allstate Insurance Co., La.App. 3 Cir., 211 So.2d 744.
The plaintiff-appellant relies upon cited decisions as favoring a contrary result, such as Vidrine v. Simoneaux, La.App. 3 Cir., 145 So.2d 400. They are factually inapposite. They concern situations where a driver entered a main highway at a time when oncoming traffic was closer than in the instant case, so that the entry did create an unreasonable risk of harm.
We therefore affirm the judgment of the trial court dismissing the plaintiff's claim against the driver's employer, Ryder, and its insurer.
Alternatively, the plaintiff-appellant prays for a remand because the defendants-appellants did not produce certain photographs.
Had they been sought timely, even by subpoena instanter during the trial, there might well be merit to this contention. Mayon v. New Amsterdam Casualty Co., La.App. 1 Cir., 187 So.2d 767. However, the colloquy by which the plaintiff contends she sought these photographs refers only to an obviously irrelevant plat and to calling some insurance adjusters for unspecified purposes in rebuttal.[3] No attempt was made at the time to secure production of these photographs.
We pretermit whether, if specified, these photographs were properly rebuttal testimony and whether, if so, the trial court would have abused its discretion in failing to order their production. See Anslem v. Travelers Insurance Co., La.App. 3d Cir., 192 So.2d 599. For, in fact, the plaintiff did not seek production of these photographs at the trial, and no compelling reason is suggested why at this late date the case should be remanded and the note of evidence reopened to receive this evidence reasonably available and not specifically sought at the time.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the plaintiff's suit, at her cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] Manuel and his insurer were originally joined as codefendants. The actions against them were compromised and dismissed. By a third-party action, Ryder demanded contribution from Manuel and his carrier if cast. Ryder appeals the dismissal of this third-party demand. However, since we affirm the dismissal of Mrs. West's principal action against Ryder, we do not reach consideration of the issues involved by this related appeal in this action.
[2] Neither the Ryder's truckdriver nor an opposite-bound driver observed the Manuel headlights until an instant or so before the collision, when they flared brightly as if just turned on. However, a driver whom Manuel had just passed at a curve a half-mile before the collision, testified the headlights were on at the time. If the Manuel headlights were turned on and the truckdriver failed to observe them, this lack of lookout was not causally connected with the accident: Even if the truckdriver had observed the Manuel vehicle, it was sufficiently distant at the time to permit the reasonable assumption that safe entry could be made (such assumption being incorrect only because of the grossly excessive speed of the oncoming vehicle, not reasonably to be appreciated by the entering motorist). See Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451. A failure to observe is not causal negligence when the motorist is entitled to proceed even if he does observe the other vehicle approaching. Nix v. State Farm Mut. Ins. Co., La.App. 1 Cir., 94 So.2d 457.
[3] See supplemental transcript pages 1-18, including offer of proof.