SAMUEL, Judge.
This is a suit for damages resulting from an automobile accident which occurred when plaintiff backed his car out of a private driveway into a public street. The three defendants, the driver of the other vehicle, that vehicle’s owner and his liability insurer, filed an answer denying negligence on the part of the defendant-driver and alternatively pleaded contributory negligence. Plaintiff’s collision and property damage insurer intervened as sub-rogee for damages it had paid. Defendants thereafter filed exceptions of no right of action and lack of procedural capacity to the intervention, claiming the intervenor was not authorized to do business in Louisiana and for that reason not entitled to file suit in its courts. The intervenor then filed a supplemental petition alleging it was a surplus line insurer and as such qualified under the provisions of LSA-R.S. 22:1257.
After a hearing thereon, judgment was rendered dismissing the exceptions. Later, after trial, judgment was rendered on the merits in favor of all defendants, dismissing the demands of plaintiff and interve-nor, based on a trial court finding that the defendant-driver had been negligent in proceeding at an excessive speed and in not keeping a proper lookout, but that the plaintiff had been contributorily negligent in backing into the public street into the path of the approaching defendant vehicle.
Plaintiff and intervenor have appealed from the judgment on the merits. Defendants have answered the appeal of interve-nor praying the judgment on exceptions be reversed and the intervention dismissed. Thus the sole question presented by the appeal is whether there was contributory negligence on the part of plaintiff as found by the trial court. As we conclude plaintiff was contributorily negligent, we do not consider the sole issue raised by the answer to intervenor’s appeal because, due to contributory negligence, neither plaintiff nor intervenor can recover.
Seven witnesses testified relative to the occurrence of the accident: four teen-age boys in the vicinity at the time; a deputy sheriff who investigated the accident; and the two drivers. With the sole exception of the defendant-driver all of these witnesses were called by plaintiff.
The accident occurred at approximately 9 p. m. on a clear, dry, August night in the Parish of Jefferson on West Metairie Avenue, then a two-way two-lane blacktopped roadway running east and west. On the south side of the avenue there were houses, including plaintiff’s residence, fronting the street and on the north side there was a canal. The collision took place in the lane closer to the canal, i. e., the westbound lane, when the defendant vehicle, traveling west, truck the rear of the plaintiff car.
Plaintiff’s version of the accident is that he entered h,is car, which was parked in the driveway next to his residence, and backed into the street intending to proceed west, the direction in which the defendant vehicle was traveling. He testified:
“ * * * When I got into the car, I fastened my seat belt, backed out to the curb, looked to the right because the first line of traffic would be coming from that direction and the light was RED, and no traffic. I looked to my left down WEST METAIRIE, nobody coming for two or three blocks. I looked to my right again, the light was still RED, the coast was clear to the left about a block and a half to the nearest car, so I proceeded out, backed up, straightened out, and went about two (2) car lengths [he later estimated the distance he traveled forward at 60-80 feet] when I was hit.”
The defendant-driver stated she was traveling 30 to 35 miles per hour (within the speed limit). She first saw the plaintiff car when it was in her lane two car lengths in front of her. She applied her *705 brakes, jumped the curb on the side of the street nearer the canal, and when her vehicle returned to the roadway her left front fender hit the plaintiff car’s right rear fender and bumper.
The investigating deputy sheriff stated that upon his arrival the two vehicles were “locked” together in the westbound lane and he found no skid or tire marks at the scene of the collision.
Each of the four boys who appeared as witnesses was 16 years of age at the time of the accident. Three of them were in an automobile traveling west on West Metair-ie. They testified that when they were two blocks or less from the point where the collision took place (one said one-half block away), at which time they were traveling 35 miles per hour, the defendant passed them traveling at a speed of 55 to 60 miles per hour. They did not see the plaintiff car or the collision because they turned off West Metairie into another street; but they did hear the crash as they were turning. Because they heard the crash they immediately went to the scene where they saw the two vehicles in front of plaintiff’s home.
The fourth boy was standing on the side of West Metairie about a block or one and one-half blocks from plaintiff’s driveway when the defendant car passed him at a speed he said was 55 to 60 miles per hour. He saw the plaintiff vehicle back out of the driveway, saw its brake lights come on, and then heard the crash. He further testified :
“Q. And you saw him [plaintiff] BACK OUT the driveway ?
A. Yes, sir; that’s right.
Q. And as he BACKED OUT the driveway, when the BRAKE LIGHTS came on • where was this car located?
A. Right in front of his house. In other words, he had just backed out and he was just getting ready to pull off. And I saw his brake lights, and I heard this car [the defendant vehicle] skid * * * ”
The applicable statutory law is LSA-R. S. 32:124, which provides inter alia:
“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, * * * and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.” LSA-R.S. 32:124.
In this court appellants contend at the time plaintiff entered West Metairie from his driveway the defendant car was sufficiently far away that he reasonably presumed safe entry could be made, the assumption being erroneous only because of the excessive speed of the defendant vehicle. Under these circumstances, they argue, plaintiff was not guilty of contributory negligence, citing West v. Ryder Truck Lines, Inc., La.App., 218 So.2d 106.
The contention and argument are made on the factual assumption that, as testified by plaintiff, the collision occurred some distance west of his residence after he had completed the backing maneuver and while his vehicle was traveling forward in a westerly direction. Based on the testimony of the deputy sheriff that he found no tire or skid marks at the scene of the accident, appellants also argue the defendant-driver did not apply her brakes as she testified.
These argued facts were rejected by the trial judge who found the collision happened directly in front of plaintiff’s home just after he had completed his backing maneuver and prior to the time he actually started forward. This finding is amply supported by the evidence in the record. The testimony of the four boys, all plaintiff witnesses, that the collision occurred in front of plaintiff’s home, directly contradicts plaintiff’s testimony. And when the *706 boy who had been standing on the side of the roadway testified he heard the defendant car “skid” he could mean only that he heard the noise resulting from an application of its brakes. In addition, our consideration of the testimony of the four boys, especially in view of the distances and time lapses involved, results in a belief that their estimates of the defendant vehicle’s speed were greater than its actual speed.
Under all the facts and circumstances of this case we are of the opinion that plaintiff could not reasonably assume he could make safe entry into the street. He could and should have seen that the approaching defendant vehicle was, in the words of the statute, “ * * * so close as to constitute an immediate hazard.” We conclude that, as found by the trial court, plaintiff violated the statute and therefore was guilty of contributory negligence which bars any recovery herein by either the plaintiff or the intervenor. Cole v. Maryland Casualty Company, La.App., 205 So.2d 863.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.