CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. Plaintiff, George J. Marcin, is the driver of one of the vehicles. Defendants are Don A. Harkins, the uninsured driver of the other vehicle, and plaintiff’s liability insurer, Allstate Insurance Company, from whom recovery is sought under the uninsured motorist coverage. The city judge awarded plaintiff $999.99. Defendant appealed.
The issues are: (1) Negligence on the part of the defendant motorist and (2) contributory negligence on the part of plaintiff.
The scene of the accident is in front of the First Pentecostal Church located on the north side of Sixth Street in the City of Lake Charles. Plaintiff backed out of a parking area on the east side of the church, and started forward in an easterly direction on Sixth Street when he was struck from the rear by the Harkins ve-hide, which was also proceeding in an easterly direction.
Essentially, plaintiff contends that before backing into Sixth Street he looked in both directions and, seeing no approaching vehicle, backed slowly into the westbound lane where he stopped and then drove forward about one-car length into the eastbound lane, where he was struck from the rear by defendant. Plaintiff’s position is that he did not see the approaching Harkins vehicle because it was going approximately 40 miles per hour in a 15 mile per hour church zone.
Defendant’s version of the accident is that he was proceeding in an easterly direction at a speed of 15 to 20 miles per hour when the plaintiff suddenly backed out in the street directly in his path. ' Har-kins says plaintiff was still moving backward at the time of impact.
In reasons for judgment dictated at the conclusion of the trial, the judge accepted plaintiff’s version of the accident. The evidence abundantly supports this conclusion.
Under the facts found, it is clear that the defendant Harkins was negligent in driving at a speed substantially in excess of the legal limit. This is particularly true since Harkins lives in the area, knew the speed limit was 15 miles per hour and, on the night in question, actually saw that people and vehicles were leaving the church as he approached.
We also find plaintiff was free of contributory negligence. The applicable law was recently stated by this court in West v. Ryder Truck Lines, Inc., La.App., 218 So.2d 106 (3rd Cir. 1969) as follows:
“The primary duty to avoid a collision rests upon the driver entering a highway from a private driveway. However, he is not required to desist from entry so long as any traffic is in sight. He may proceed onto the principal thoroughfare *814 under circumstances when it would appear to a reasonably prudent person that his entry can be made in safety and without obstructing the passage of approaching traffic. Zager v. Allstate Insurance Co., La.App. 3 Cir., 211 So.2d 744, and many decisions cited there.
“(5, 6) In the context of the facts found, the defendants’ driver was not negligent in> entering the highway when he did. At the time, the oncoming Manuel car was so far distant that, had he observed it, he was entitled to proceed onto the main thoroughfare in the reasonable assumption that he could do so safely and without obstructing the passage of traffic approaching at a lawful speed under the circumstances. Demerest v. Travelers Insurance Co., 234 La.1048, 102 So.2d 451; Zager v. Allstate Insurance Co., La.App. 3 Cir., 211 So.2d 744.”
In the present case the evidence supports the finding of fact by the city judge that even though the defendant motorist might not have been traveling as fast as 40 miles per hour, he was driving at a speed substantially in excess of the legal limit. It is true that the plaintiff did not see the Harkins vehicle approaching. However, even if he had seen it, Harkins was so far distant that the plaintiff was entitled to proceed into Sixth Street under the assumption that he could do so safely.
The parties stipulated that plaintiff suffered damages in the sum of $981. In addition, plaintiff proved expenses for the cost of drugs in the sum of $20 purchased after suit was filed. The award of $999.-99 by the trial judge is supported by the evidence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.